HASTINGS MUTUAL INSURANCE COMPANY, Appellee,

v.

CLYNE, Appellant.

[Cite as *Hastings Mut. Ins. Co. v. Clyne* (1993), 87 Ohio App.3d 198.]

Court of Appeals of Ohio,
Ross County.

No. 92 CA 1872.

Decided April 15, 1993.

*John C. Nemeth* and *David A. Caborn,* for appellee.

*Scott E. Smith* and *Charles C. Postlewaite,* for appellant.

---

STEPHENSON, Judge.

This is an appeal from a summary judgment entered by the Ross County Court of Common Pleas, finding that Timothy M. Clyne, defendant below and appellant herein, is excluded from insurance coverage pursuant to the terms of the insurance policy issued by appellee, Hastings Mutual Insurance Company. Appellant assigns the following errors for our review.

"I. The trial court committed an error prejudicial to defendant-appellant Timothy M. Clyne when it overruled his motion for summary judgment[.]"

"II. The trial court committed an error prejudicial to defendant-appellant Timothy M. Clyne when it sustained plaintiff-appellant Hastings Mutual Insurance Company's motion for summary judgment[.]"

A review of the record reveals the following facts pertinent to this appeal. Appellant's mother, Sherri Rhoades, purchased a 1987 Chevrolet S–10 pickup truck on June 28, 1990. On July 13, 1990, appellant was involved in an accident in Chillicothe, Ohio. The pickup truck was hit from behind by another automobile.

Appellee Hastings Mutual Insurance Company ("Hastings") had previously issued an auto insurance policy to William and Sherri Rhoades. The declaration page does not list the 1987 pickup truck as a covered vehicle. The truck was purchased primarily for appellant's use. Appellant arranged for an insurance policy to be issued on the pickup truck by Progressive Insurance Company. Appellant obtained only liability insurance on the truck, specifically rejecting uninsured/underinsured motorist coverage in order to obtain a lower premium.

Following the accident, appellant accepted $15,000 from the tortfeasor's insurance company (the policy limit). Appellant then submitted a claim to Hastings for underinsured motorist benefits. Hastings denied coverage. Hastings filed a complaint for declaratory judgment on March 20, 1991, seeking a declaration that appellant was not entitled to underinsured motorist benefits under the terms of the policy and that the pickup truck was not an insured vehicle under the policy.

Appellant filed an answer and counterclaim on April 23, 1991, to which appellee replied on May 8, 1991. On December 3, 1991, the parties filed cross-motions for summary judgment on the issue of whether appellant was covered under the policy of insurance issued by appellee to William and Sherri Rhoades. On March 26, 1992, the court granted appellee's motion for summary judgment.

In its entry granting summary judgment, the court wrote:

"Under the provisions of the policy between plaintiff and Rhoades, defendant was an 'insured' at the time of the accident. Defendant was the son of the named insured, Sherri Rhoades, and resided in her household. The policy provides for uninsured/underinsured motorist protection. At Part C, Exclusions A–1, the policy excludes from uninsured motorist coverage bodily injuries sustained by any person while occupying a motor vehicle owned by the named insured or any family member which is not insured for this coverage under this policy. It is undisputed that the 1987 pickup truck was not one of the listed vehicles on the declarations page. However, a 'covered auto' as defined under 'definitions' on Page 1 does include any pickup truck on the date the named insured becomes the owner. *Definitions Page at J–2.* This provision applies only if certain conditions are met. They can be summarized as follows:

"a.) The vehicle is acquired during the policy period;

"b.) It is asked to be insured within thirty days after the named insured becomes the owner; and

"c.) No other insurance policy provides coverage for the vehicle.

"Sherri Rhoades purchased the truck on June 28, 1990. The accident occurred on July 13, 1990. During the period from purchase to accident, neither defendant nor Rhoades ever contacted plaintiff and asked to be insured. Further, defendant had already secured other insurance for the vehicle with Progressive prior to the accident. We find, by the definition of the policy, the 1987 Chevrolet S–10 pickup truck is not a covered vehicle under the policy. Therefore, defendant is not entitled to any uninsured/underinsured coverage. *Part C. Exclusion A–1.* An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any persons while occupying a motor vehicle owned by an insured but which vehicle is not specifically insured under the policy, is a valid exclusion. *Hedrick v. Motorist Mutual Insurance Co.* (1986), 22 Ohio St.3d 42[, 22 OBR 63, 488 N.E.2d 840].

"That part of the policy labeled Part B–Medical Payments Coverage excludes medical payment coverage for any person for bodily injury sustained while occupying a vehicle (other than a covered vehicle) owned by the named insured. *Part B–Exclusion 5(a).* We find that pursuant to this Section of the policy, defendant is excluded from medical payments coverage, as the named insured, Sherri Rhoades, owned the pick up truck defendant was occupying."

Appellant jointly argues his assignments of error. Accordingly, we shall address them jointly. The granting or denial of a motion for summary judgment is governed by Civ.R. 56, which reads as follows:

"(C) Motion and proceedings thereon.

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

█ Summary judgment is appropriate when the following have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. The burden of showing that no genuine issue exists as to any material fact falls upon the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801.

In the instant case, appellant does not contend that there is a genuine issue of material fact such that the court erred in granting summary judgment. Rather, appellant asserts that based upon the undisputed facts in this case, appellant is entitled to judgment as a matter of law.

The court below found that appellant was not entitled to underinsured motorist coverage based upon Exclusion A.1., which reads, in pertinent part, as follows:

"EXCLUSIONS

"A. We do not provide Uninsured Motorist Coverage for 'bodily injury' sustained by any person:

"1. While 'occupying,' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy."

The trial court looked to the definitions section of the insurance policy to determine whether the pickup truck was a "covered auto." That portion of the insurance policy reads as follows:

"J. 'Your covered auto' means:

"1. Any vehicle shown in the Declarations.

"2. Any of the following types of vehicles on the date you become the owner:

"a. * * *

"b. a pickup or van that:

"(1) has a Gross Vehicle Weight of less than 10,000 lbs.; and

"(2) is not used for the delivery or transportation of goods and materials unless such use is:

"(a) incidental to your 'business' of installing, maintaining or repairing furnishings or equipment; or

"(b) for farming or ranching.

"This provision (J.2.) applies only if:

"a. you acquire the vehicle during the policy period;

"b. *you ask us to insure it within 30 days after you become the owner; and*

"c. *with respect to a pickup or van, no other insurance policy provides coverage for that vehicle.*" (Emphasis added.)

The court found that neither appellant nor Rhoades contacted appellee asking that the pickup truck be insured and that appellant had already secured other insurance for the pickup truck from Progressive. Therefore, the court found, appellant is not entitled to underinsured motorist coverage.

 Appellant argues that the court erred in concluding that appellant was not entitled to underinsured motorist coverage because the court misconstrued the thirty-day notice provision under Definition J.2.b. Appellant cites *Ohio Cas. Ins. Co. v. State Farm Mut. Auto. Ins. Co.* (May 21, 1981), Morrow App. No. CA 584, unreported, 1981 WL 6260, for the proposition that regardless of the fact that appellant did not give notice to Hastings, the pickup truck was automatically covered for thirty days under the policy issued to Rhoades.

In *Carpenter v. Gasper* (1962), 116 Ohio App. 45, 49, 21 O.O.2d 264, 266, 186 N.E.2d 481, 484, the court stated:

"The generally accepted theory of the nature and purpose of automatic insurance is that it becomes effective immediately upon delivery of the newly acquired automobile and continues in effect for the specified time (thirty days here), at the end of which it expires unless the required notice is given and the insured has acquired ownership; that the notice is therefore a condition subsequent to coverage; that such automatic insurance is provided for the purpose of enabling the insured to have continuous coverage, to encourage him to continue with the same insurer, and to insure all of his automobiles with it; and that the premium paid for the original insurance is the consideration for the automatic insurance until the end of the specified period."

This is in accordance with the weight of authority on this issue. See 12 Couch on Insurance 2d (Rev.Ed.1981) 490, Section 45:205; *Riverside Ins. Co. of Am. v. Buckeye Union Ins. Co.* (Feb. 9, 1983), Montgomery App. No. 7854, unreported, 1983 WL 4808. See, also, *Badger State Mut. Cas. Co. v. Swenson* (Minn.App. 1987), 404 N.W.2d 877. Cf. *Auto–Owners Ins. Co. v. Winter* (1991), 188 Mich. App. 230, 469 N.W.2d 314. Accordingly, appellant's argument is well taken.

However, this is not dispositive of the issue of coverage, as the requirements of Definition J.2. are in the conjunctive, *i.e.,* J.2.c. requires that "no other insurance policy provides coverage for that vehicle." Indeed, as noted above, the court found that because appellant procured liability insurance with Progressive, the pickup truck was not covered under the policy issued by Hastings. Appellant maintains the court erred in its findings for two reasons: (1) clause J.2.c. is ambiguous, and (2) assuming, *arguendo,* that it is not ambiguous, it is in violation of public policy. We shall address each of these arguments in turn.

■ In his first argument, appellant argues the phrase "no other insurance policy" contained in J.2.c. is ambiguous because it is unclear whether this refers only to other insurance policies issued by appellee Hastings or to policies issued by other insurers as well and because the "other insurance policy" language does not specify what type of insurance coverage takes the pickup truck out of the definition of covered auto. We disagree.

■ An insurance policy is a contract and the relationship and respective rights of the insurer and insured are founded on contract principles. *Arnold v. Newcomb* (1922), 104 Ohio St. 578, 582, 136 N.E. 206, 207. Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. *Sanitary Commercial Services, Inc. v. Shank* (1991), 57 Ohio St.3d 178, 182, 566 N.E.2d 1215, 1219; *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. Words used in an insurance policy must usually be given their ordinary meaning. *First Natl. Bank v. Houtzer* (1917), 96 Ohio St. 404, 407, 117 N.E. 383, 384. Where language in an insurance contract is reasonably susceptible of more than one meaning, it will be construed liberally in favor of the insured and strictly against the insurer. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 168, 24 O.O.3d 274, 276, 436 N.E.2d 1347, 1348–1349. However, a court will not employ liberal construction of an insurance contract in the absence of ambiguity in language. *State Farm Auto. Ins. Co. v. Rose* (1991), 61 Ohio St.3d 528, 575 N.E.2d 459. See, also, *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83.

Appellant strains to find ambiguity where none exists. "No other insurance policy" means just that—no other insurance policy, whether issued by Hastings or any other insurer. It does not matter what kind of coverage one obtains, only that there is another insurance *policy*. We will not read ambiguity into an agreement where it does not otherwise exist. See *Stotridge v. Admr.* (June 2, 1992), Pickaway App. No. 91CA18, unreported, 1992 WL 126232 (Stephenson, P.J., dissenting). Where specific insurance is purchased and a separate policy of insurance is issued on an undescribed automobile, it becomes an automobile described in a new policy and is no longer a newly acquired automobile under the old policy for purposes of automatic insurance. 12 Couch on Insurance 2d (Rev.Ed.1981) 473, Section 45:192. See, also, *Bramlett v. State Farm Mut. Auto. Ins. Co.* (1970), 205 Kan. 128, 468 P.2d 157; *N. Assurance Co. of Am. v. Farm Bur. Mut. Ins. Co., Inc.* (1991), 249 Kan. 662, 822 P.2d 45; *Beck v. Aetna Cas. & Sur. Co.* (1976), 38 Colo.App. 77, 553 P.2d 397.

In his second argument pertaining to J.2.c., appellant asserts that even if this provision is unambiguous, it is violative of public policy. More specifically, appellant asserts that this is an invalid antistacking clause because under Ohio law, insurers may only preclude insureds from stacking other uninsured/underinsured motorist policies issued by the same insurer.

The provision at issue is not an antistacking clause, but rather an automatic insurance clause. Such automatic insurance clauses are not violative of public policy. To the contrary, such automatic insurance clauses work to the insured's benefit, by broadening the coverage available in order to provide protection at the earliest possible time needed by the insured and to provide insurance coverage when an owned vehicle is not described in a policy of insurance. See 12 Couch on Insurance 2d (Rev.Ed.1981) 463–464, Section 45:184. See, also, *N. Assurance Co. of Am., supra.* Accordingly, appellant's argument is without merit.

Appellant next argues that exclusion clause A.1. is ambiguous. As noted above, this clause reads as follows:

"A. We do not provide Uninsured Motorist Coverage for 'bodily injury' sustained by any person:

1. While 'occupying,' or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy. * * * "

We deem an extended discussion unnecessary. Such an exclusion was found to be a clear and unambiguous exclusion by the Supreme Court of Ohio in *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840. Accordingly, appellant's argument is without merit.

In his next argument, appellant restates his argument pertaining to clauses J.2.b. and c. above in support of his assertion that the court erred in finding no coverage for medical payments. As we found above that the pickup truck was not covered under the automatic insurance provision, appellant's argument is not well taken.

Finally, appellant maintains that in failing to rule in his favor, the court also erred in failing to award him costs and attorney fees. In support of his assertion, appellant relies on *Motorists Mut. Ins. Co. v. Trainor* (1973), 33 Ohio St.2d 41, 62 O.O.2d 402, 294 N.E.2d 874, paragraph four of the syllabus, where the court held:

"Where an insurer wrongfully refuses to defend an insured in a negligence action unless the insured agrees to additional conditions not included as policy provisions, the insured is entitled to recover from the insurer his expenses, including reasonable attorney fees, in defending the action."

Clearly, the case relied upon by appellant is inapposite. This is not a case where Hastings has wrongfully breached a duty to defend appellant. An insurer does have a duty of good faith in processing and paying claims of its insured, and breach of this duty gives rise to an action in tort, for which punitive damages may be recovered. See, *e.g., Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464. However, as we have held that appellant was not entitled to coverage under the terms of the policy issued by appellee, appellant would be entitled to neither punitive damages nor attorney fees. Based upon the foregoing, appellant's assignments of error are overruled, and the judgment is affirmed.

*Judgment affirmed.*

PETER B. ABELE and GREY, JJ., concur.