WATTS, Appellant,

v.

GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellee.

[Cite as *Watts v. Gen. Acc. Ins. Co. of Am.* (1995), 102 Ohio App.3d 359.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14318.

Decided March 31, 1995.

*Carmine Garofalo,* for appellant.

*Thomas J. Keener,* for appellee.

BROGAN, Judge.

Appellant, Bertrand Watts, appeals from the order of the Montgomery County Common Pleas Court granting summary judgment in a declaratory judgment action in favor of the appellee, General Accident Insurance Company of America.

The appellant was injured on June 19, 1992 while he was operating a Harley Davidson motorcycle on Woodman Drive in Kettering, Ohio. The appellant's injuries were caused by the negligence of Victoria Martin, who failed to yield the right of way from a private drive. At the time of the accident, he was riding a motorcycle which he owned and which he had insured for liability insurance coverage with Progressive Insurance Company with limits of $12,500 per person and $25,000 per accident. The appellant rejected uninsured and underinsured coverage for the motorcycle under that policy.

At the time of the accident, appellant also owned a 1983 Chevrolet S–10 pickup truck which was insured by General Accident under a policy of insurance providing bodily injury liability coverage of $100,000 per person and $300,000 per

occurrence and providing uninsured and underinsured motorist coverage in similar amounts.

General Accident did not write motorcycle insurance and the company was never notified of the appellant's ownership of a motorcycle.

Appellant recovered $12,500 in bodily injury liability benefits from Victoria Martin's insurance company without objection and with the knowledge of appellee. The benefits recovered represented Martin's liability limits.

On January 26, 1993, the appellee denied the claim of appellant for benefits under the underinsured provisions of the General Accident policy issued to appellant because of the "other vehicle" exclusion provision contained in the policy and appellant's rejection of underinsurance coverage under the policy issued to Progressive.

On February 17, 1993, appellant filed this declaratory judgment action seeking a determination of coverage under the appellee's policy insuring the Chevrolet pickup truck.

In support of its motion for summary judgment, appellee provided the affidavit of Richard Noggle, a licensed insurance agent who sold both policies of insurance to the appellant. Noggle stated that appellant expressly rejected uninsured and underinsured coverage for the motorcycle. (A copy of the declarations page of the Progressive policy was attached to his affidavit indicating that the uninsured/underinsured motorist coverage was rejected).

Noggle also stated it was his experience that the premium charge for first party coverages such as medical expense reimbursement coverage and uninsured/underinsurance coverage for insuring motorcycles is generally higher than for similar types of coverages for automobiles.

In an affidavit filed in support of his motion for summary judgment, appellant stated "he had no knowledge that he expressly rejected uninsured and underinsured coverage under the policy issued by Progressive."

The trial court granted summary judgment to the appellee upon the authority of *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, which held that an insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person occupying a motor vehicle owned by an insured but which vehicle is not specifically insured under the policy, is a valid exclusion.

Additionally, the trial court found the equities clearly favored the defendant-appellee because the plaintiff could own numerous high risk vehicles, including motorcycles, and claim uninsured/underinsurance coverage on all the vehicles by paying a premium for such coverage on one vehicle.

In a single assignment of error, appellant contends the trial court erred in declaring that appellant's General Accident policy did not provide underinsurance motorist coverage for appellant's injuries.

The appellant contends that the recent Ohio Supreme Court case of *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, supports his position. In *Martin* the court held that an automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. The *Martin* case cited *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309, syllabus, with approval, and overruled *Hedrick v. Motorists Mut. Ins. Co., supra.*

The appellant argues that the facts in Martin are exactly the facts in the matter presently before us. In *Martin,* the appellant was seriously injured when an intoxicated, uninsured motorist crossed the center line and struck appellant's motorcycle. Appellee, Midwestern Group Insurance Company, insured two of appellant's vehicles, but did not insure the motorcycle under that policy. Appellee denied the appellant's claim for uninsured motorist benefits under a policy provision that excluded coverage for bodily injury to a person occupying or struck by a vehicle owned by the insured, but not named in the policy.

The court noted that R.C. 3937.18 is the yardstick by which all "exclusions" of uninsured motorists coverage must be measured. The court noted that under the previous holding of *State Farm Auto Ins. Co. v. Alexander, supra,* R.C. 3937.18 mandates coverage if (1) the claimant is insured under a policy which provides uninsured motorist coverage, (2) the claimant was injured by an uninsured motorist and (3) the claim is recognized by Ohio tort law.

The appellee argues that the *Martin* decision does not control our resolution of this case because there are two important distinguishing additional facts present in this matter. In particular appellee notes that the appellant specifically insured the motorcycle with a different insurance company and it was that insurance company that was burdened with the obligation under R.C. 3937.18(A) to offer underinsured motorist coverage limits in equal amounts to the liability coverage provided. The appellee notes that Progressive offered the coverage but appellant expressly rejected coverage.

Appellee notes that none of the cases cited by appellant involve cases in which the insured owns separate motor vehicles and has them separately insured with different insurance carriers.

Appellee argues that no case has imposed upon a motor vehicle liability company a duty to provide uninsured or underinsured motorist coverage on a

vehicle owned by the same insured and actually insured by a different insurance carrier under a different insurance policy.

The appellee also argues that it is clear under the policy provisions of its policy that it would not continue to provide liability insurance or any insurance on a motor vehicle which the insured owns and has insured through another company. In other words, General Accident will not permit a vehicle to be doubly insured under two different policies of insurance. In other words, if the insured insures his motorcycle with another carrier, any insurance that might be provided under the General Accident policy for that vehicle would be terminated. The General Accident policy provides the following on page 10 under the heading "Termination," at Subsection C entitled "Automatic Termination":

"If you obtain other insurance on your covered auto any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance."

Appellee submits that where two separate vehicles are owned by the same insured and he chooses to insure them for liability coverage with two separate insurers, the obligation under R.C. 3937.18 to provide underinsurance coverage is a burden only upon the insurance policy issued to that vehicle.

In *Hastings Mut. Ins. Co. v. Clyne* (1993), 87 Ohio App.3d 198, 621 N.E.2d 1355, the Ross County Court of Appeals held that the phrase "no other policy" was not ambiguous in an automobile policy providing that unnamed vehicle was covered under the policy, provided that no other policy provided coverage for the vehicle.

The facts in *Hastings* were as follows:

"Appellant's mother, Sherri Rhoades, purchased a 1987 Chevrolet S–10 pickup truck on June 28, 1990. On July 13, 1990, appellant was involved in an accident in Chillicothe, Ohio. The pickup truck was hit from behind by another automobile.

"Appellee Hastings Mutual Insurance Company ('Hastings') had previously issued an auto insurance policy to William and Sherri Rhoades. The declaration page does not list the 1987 pickup truck as a covered vehicle. The truck was purchased primarily for appellant's use. Appellant arranged for an insurance policy to be issued on the pickup truck by Progressive Insurance Company. Appellant obtained only liability insurance on the truck, specifically rejecting uninsured/underinsured motorist coverage in order to obtain a lower premium.

"Following the accident, appellant accepted $15,000 from the tortfeasor's insurance company (the policy limit). Appellant then submitted a claim to Hastings for underinsured motorist benefits. Hastings denied coverage. Hastings filed a complaint for declaratory judgment on March 20, 1991, seeking a

declaration that appellant was not entitled to underinsured motorist benefits under the terms of the policy and that the pickup truck was not an insured vehicle under the policy." *Hastings, supra,* 87 Ohio App.3d at 200, 621 N.E.2d at 1356.

The trial court granted summary judgment to Hastings, finding that the 1987 Chevrolet pickup truck was not a covered vehicle under the policy because the defendant had already purchased insurance for the vehicle with Progressive prior to the accident. The court of appeals affirmed the trial court.

The court of appeals held that an automobile insurance clause which extends coverage to a pickup or van for which "no other insurance policy provides coverage for that vehicle" did not violate public policy. The court held that such a clause was not an antistacking clause but was an automatic insurance clause which works to insureds' benefit by broadening coverage to provide protection at the earliest possible time when an owned vehicle is not described in a policy of insurance. *Hastings, supra,* 87 Ohio App.3d at 205, 621 N.E.2d at 1359–1360.

█ Although the policy provision in this case is different from that in *Martin* we believe the outcome in this case is driven by the rationale underlying the *Martin* decision. In *Martin,* the court struck down the "other owned vehicle exclusion" as being violative of the public policy found in R.C. 3937.18 which mandates that insurance companies offer uninsured and underinsured motorist coverage. The *Martin* court noted:

"[W]e are not unmindful of Midwestern's argument that a premium was not paid on the vehicle appellant was riding when injured. But the amount of the premium received by Midwestern is irrelevant. *The fact is that appellant accepted and paid for uninsured motorist coverage. Pursuant to R.C. 3937.18(A)(1), such insurance must provide coverage 'for bodily injury * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *.' The statute does not permit insurers to eliminate this required coverage on the basis that the injury was incurred in a vehicle not listed in the policy."* (Emphasis added.) 70 Ohio St.3d at 482, 639 N.E.2d at 441–442.

█ The rationale of this decision is that the underinsured motorist coverage once purchased follows the insured and not the vehicle. We see no material difference between an insured who fails to list "other owned vehicles" in his automobile policy and the insured who insures his automobile with another insurance company but rejects the uninsured motorist coverage under the policy of the other owned vehicle upon which he was injured. The appellant's assignment of error must be sustained.

The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

WOLFF and GRADY, JJ., concur.