WAYNE MUTUAL INSURANCE COMPANY, Appellee,

v.

McCARTNEY, Appellant.

[Cite as *Wayne Mut. Ins. Co. v. McCartney* (1996), 114 Ohio App.3d 129.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 95–CO–56.

Decided Sept. 20, 1996.

*Stephen P. Griffin* and *James F. Mathews,* for appellee.

*Bernard Fineman* and *Kellie S. Kontnier,* for appellant.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Columbiana County Common Pleas Court, effectively granting declaratory judgment in favor of plaintiff-appellee, Wayne Mutual Insurance Company, and determining that defendant-appellant, Harry L. McCartney, was not entitled to receive either

underinsured motorist or medical payments coverage under appellee's policy of insurance.

Appellant was involved in an automobile accident on July 26, 1993, at which time he was operating a motor vehicle not covered under a policy of insurance issued by appellee. However, appellant was considered a covered person, being a resident family member of the named insured, under a policy of automobile insurance issued by appellee to appellant's brother-in-law. The accident was directly and proximately caused by the sole negligence of Harriet A. Jones, who was insured under a policy of automobile insurance issued by Nationwide Mutual Insurance Company ("Nationwide") with liability coverage limits of $100,000 per person, $300,000 per accident.

As a result of this accident, appellant sustained severe bodily injuries and incurred medical expenses in excess of $68,000. Appellant initiated a claim against appellee for underinsured motorist coverage against its policy of insurance, which provided coverage limits of $100,000 per person, $300,000 per accident and $10,000 per person in medical payments coverage. In November 1993, Nationwide tendered its full policy limits of $100,000 to appellant as full and final settlement of his claims against Jones. On March 23, 1994, appellee advanced the sum of $100,000 to appellant in order to avoid release of Jones and to protect its subrogation rights against her.

On September 22, 1994, appellee filed a complaint for declaratory judgment against appellant, requesting that the trial court issue specific declarations as to the underinsured motorist and medical payments coverage sought by appellant. Appellant responded by filing an answer and counterclaim, which he subsequently amended. Both parties then filed stipulated facts and exhibits with the trial court on June 5, 1995.

Appellee thereafter filed a motion for summary judgment on July 5, 1995. In response, appellant filed a memorandum of law to which appellee replied by filing a memorandum in support of its request for declaratory judgment. After consideration of the pleadings, briefs, and stipulated facts and exhibits filed by the parties, the trial court filed its judgment entry on August 23, 1995, effectively granting declaratory judgment in favor of appellee. The trial court found that although appellant was a covered person under appellee's policy of insurance, he was not driving a covered automobile at the time of the aforementioned accident and, therefore, was not entitled to underinsured motorist or medical payments coverage from appellee. The trial court further ordered that no attorney fees be awarded to either party. It is from this decision that this appeal emanates.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court erred as a matter of law and abused its discretion in determining the appellant, Harry L. McCartney, was an insured 'covered person' but not entitled to underinsured motorist coverage and medical payments coverage because the automobile he was operating was not a 'covered automobile'."

The parties agreed, and the trial court found that appellant was a covered person under the policy of insurance issued by appellee to appellant's brother-in-law by virtue of the fact that he was a resident family member. Appellee's insuring agreement under Part C provides that it will pay damages which a covered person is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by the covered person and caused by an auto accident. Part C of appellee's insuring agreement also addresses exclusions from coverage and states that it will not provide underinsured motorist coverage for bodily injury sustained by any person who is occupying a motor vehicle which is owned by that person or any other family member and which is not insured for coverage under appellee's policy of insurance.

Appellant contends that the trial court erred in agreeing with appellee's argument that the foregoing exclusion denied him underinsured motorist coverage because he was operating a vehicle which was not a covered automobile under the within insurance policy at the time of his accident. Appellant cites *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, for the proposition that "other owned vehicle" exclusions, such as the one contained in appellee's insurance policy, violate R.C. 3937.18 and are invalid. Appellant states that the purpose of uninsured/underinsured motorist coverage is to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated. *Id.*

Appellee points to the fact that appellant conceded that the tortfeasor's liability limits with Nationwide were equivalent to the underinsured motorist coverage limits provided in its policy. Therefore, appellee urges that based on its policy language and the dictates of R.C. 3937.18, appellant was not entitled to underinsured motorist coverage.

As a threshold matter, we must determine whether appellant is an "underinsured motorist" for purposes of this appeal.

Appellee's underinsured motorist coverage limits provided to appellant were equal to the tortfeasor's liability limits. Appellant's accident occurred on July 27, 1993. Appellant filed a complaint for declaratory judgment on September 22, 1994, and the trial court entered its judgment on August 23, 1995.

In *Hill v. Allstate Ins. Co.* (1990), 50 Ohio St.3d 243, 553 N.E.2d 658, the Ohio Supreme Court held that an underinsurance carrier avoids responsibility to its

insureds when the limits of its policy are identical to the limits of the tortfeasor's liability policy. The *Hill* decision was expressly overruled in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, which was decided on October 1, 1993. In *Savoie, supra,* at 508, 620 N.E.2d at 815, the court held that "underinsured motorists who suffer from injuries caused by an automobile accident are entitled to collect up to the full limits of their underinsurance policy to the extent that their damages exceed the amounts which the tortfeasor's insurer has already paid to them."

▮ Subsequently, on October 20, 1994, R.C. 3937.18 was amended by the General Assembly. The General Assembly stated that it intended, in amending R.C. 3937.18, to provide and set off against the limits of the underinsured motorist coverage those amounts available for payment from the tortfeasor's bodily injury liability coverage. Most recently, in *Cole v. Holland* (1996), 76 Ohio St.3d 220, 225, 667 N.E.2d 353, 356, the Ohio Supreme Court held:

"Since Am.Sub.S.B. No. 20 contains no retrospective language, amended R.C. 3937.18(A)(2) operates only prospectively. Consequently, pending causes of action accruing prior to October 20, 1994, the effective date of Am.Sub.S.B. No. 20, are controlled by the third syllabus paragraph of *Savoie,* and by the underinsurance statute applicable at the time of the decision in *Savoie,* former R.C. 3937.18."

As appellant's claim was a pending cause of action accruing prior to October 20, 1994, *Savoie* applies. Therefore, the fact that appellant's underinsured motorist limits are identical to the limits of the tortfeasor's liability policy is inconsequential. In addition, and in accordance with *Savoie* and *Cole,* appellant is entitled to collect up to the full limits of his underinsured motorist policy to the extent that appellant's damages exceed the amounts which the tortfeasor's insurance has already paid to him.

▮ Next, we must address whether appellant, an insured "covered person" under the policy, is entitled to underinsured motorist coverage even though the automobile he was operating was not a "covered automobile." In short, we must determine whether the "other owned vehicle" exclusion is a valid exclusion when applied to an underinsured motorist claim.

The Ohio Supreme Court, in *Martin,* 70 Ohio St.3d 478, 639 N.E.2d 438, held in its syllabus:

"1. Pursuant to R.C. 3937.18, uninsured motorist coverage was designed by the General Assembly to protect persons, not vehicles. [Citations omitted.]

"2. The validity of an insurance policy exclusion of uninsured motorist coverage depends on whether it conforms to R.C. 3937.18.

"3. An automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid. [Citations omitted.]"

The rationale of *Martin* was applied to an underinsured motorist claim in *Watts v. Gen. Acc. Ins. Co. of Am.* (1995), 102 Ohio App.3d 359, 657 N.E.2d 320. The *Watts* court held that "the rationale ·[of *Martin* ] is that the underinsured motorist coverage once purchased follows the insured and not the vehicle."

In accordance with *Martin* and *Watts,* we hold that pursuant to R.C. 3937.18, underinsured motorist coverage was designed to protect persons, not vehicles. Hence, the underinsured motorist coverage provided in appellant's insurance policy is available to appellant and appellee's "other owned vehicle" exclusion is against public policy and therefore void.

██ Appellant also complains that the trial court erred in finding that he was not entitled to medical payments coverage as appellee's policy provisions on that subject are ambiguous and contrary to law. The Ohio Supreme Court in *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, held that ambiguous language in an insurance policy must be construed against the insurance company and in favor of the insured. The rule of liberal construction in favor of the insured and strict construction against the insurer applies with particular force to exclusions contained within an insurance policy. *Cincinnati Ins. Co. v. Mosley* (1974), 41 Ohio App.2d 113, 70 O.O.2d 127, 322 N.E.2d 693.

Part B of appellee's insuring agreement refers to medical payments coverage and states that reasonable expenses incurred for necessary medical services because of bodily injury caused by an accident and sustained by a covered person who is occupying a motor vehicle designed for use mainly on public roads will be paid. ·However, Part B has an exclusion section which provides that appellee will not extend medical payments coverage to any person who is occupying a vehicle other than a covered automobile.

Appellant submits that the foregoing language is ambiguous and should therefore be strictly construed against appellee. Appellant contends that although medical payments coverage is contractual, the trend is to expand these coverage situations as this coverage is personal to the insured and is designed to protect. See *Martin,* 70 Ohio St.3d 478, 639 N.E.2d 438. Appellant concludes that because he was a covered person under appellee's insurance policy, the medical payments coverage followed him, as an insured, regardless of the vehicle he was operating and, therefore, the trial court erred in failing to grant him such coverage.

In *Karabin v. State Auto Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403, the Ohio Supreme Court held:

"Medical payments coverage in insurance contracts is neither mandated nor governed by statute. It is thus simply a matter of contract between the insurer and the insured." *Id.* at paragraph two of the syllabus.

In *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.* (1992), 64 Ohio St.3d 657, 597 N.E.2d 1096, the Ohio Supreme Court held that insurance contracts must generally be construed in accordance with the same rules as other written contracts and "if the language of the policy's provision is clear and unambiguous, [the] court may not 'resort to construction of that language.'" *Id.* at 665, 597 N.E.2d at 1102.

The language of the contract is clear and unambiguous. As medical payment coverage in auto insurance contracts is neither mandated nor governed by statute, appellee's "other owned vehicle" exclusion is valid as applied to a claim for medical payments coverage.

Based on the foregoing, appellant's first assignment of error is found to have merit as to the uninsured motorist coverage and found to be without merit as to the medical payment coverage.

Appellant's second assignment of error alleges:

"The trial court erred as a matter of law and abused its discretion in determining the appellant Harry L. McCartney was not entitled to reasonable attorney fees for his representation in this declaratory judgment action brought by the appellee."

Although appellant requested an award of attorney fees in his answer and amended answer and counterclaim against appellee, the trial court ultimately found that no attorney fees would be awarded to either party herein.

The Ohio Supreme Court in *Motorists Mut. Ins. Co. v. Brandenburg* (1995), 72 Ohio St.3d 157, 648 N.E.2d 488, held that a trial court has authority under R.C. 2721.09 to assess attorney fees based upon a declaratory judgment action and to provide relief which the court may deem necessary or proper. Appellant asserts that the operation of R.C. 2721.09 is not conditioned upon which party prevails on the underlying action and, therefore, the trial court erred in failing to award him attorney fees in this case.

*Brandenburg* is not factually analogous to the case at bar as the insured therein prevailed on his claim for uninsured motorist coverage and was ultimately awarded attorney fees. Nonetheless, the Ohio Supreme Court in *Brandenburg,* 72 Ohio St.3d at 160, 648 N.E.2d at 490, further held that "[t]he trial court's determination to grant or deny a request for attorney fees will not be disturbed,

absent an abuse of discretion." An abuse of discretion connotes more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Tracy v. Merrell–Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 569 N.E.2d 875.

The record in this matter does not demonstrate any abuse of discretion by the trial court in denying appellant's request for attorney fees. However, in light of our decision under the first assignment of error, we are issuing a limited remand to the trial court for the purpose of permitting it, in its discretion, to revisit the issue of attorney fees.

The judgment of the trial court is reversed in part, and this cause is remanded for the limited purpose of addressing the issue of attorney fees under the second assignment of error.

*Judgment accordingly.*

O'NEILL, P.J., and GENE DONOFRIO, J., concur.