DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant/cross-appellee Eugene Welter ("Husband") and appellee/cross-appellant Cynthia Welter ("Wife") appeal from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. We affirm.
 I.
Husband and Wife were married on December 29, 1978. No children were born as issue of the marriage. On March 17, 1995, Wife filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division. Husband answered on March 31, 1995.
A trial was held on February 14, 1996. Both parties were present and presented evidence. The trial court issued its divorce decree on April 5, 1996. Thereafter, both parties made Civ.R. 60(B) motions to vacate the judgment. A hearing was held before a magistrate on October 7, 1996. The magistrate issued his report on November 6, 1996, and both parties filed objections. On January 31, 1997, the trial court issued an order vacating the divorce decree under Civ.R. 60(B) and setting a hearing.
The hearing was held on June 26, 1997. The trial court took testimony on several issues. On July 15, 1997, the trial court issued its final amended judgment entry, reincorporating the original divorce decree except for some changes that resulted from the June hearing. Husband appealed to this court, and Wife cross-appealed.
 II.
Husband asserts three assignments of error for our review; Wife presents two cross-assignments of error. We address each in due course.
 A. Husband's First Assignment of Error The trial court erred in refusing to hear testimony regardingHusband's request for spousal support.
In his first assignment of error, Husband argues that the trial court improperly refused to take testimony on the issue of spousal support. As part of the original divorce decree, the parties stipulated that neither would seek spousal support. The issue was never raised again until the June 26, 1997 hearing, when Husband's attorney attempted to introduce the subject. The trial court refused to hear testimony, given the long delay before the issue of spousal support was raised and the large number of opportunities to raise the issue before that time. Husband asserts that the trial court's action was error. We disagree.
A trial court's decision with regard to spousal support will not be reversed absent an abuse of discretion. Schindler v.Schindler (Jan. 28, 1998), Summit App. No. 18243, unreported, at 17. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case at bar, Husband first introduced the issue of spousal support orally at the June 26, 1997 hearing. The parties originally stipulated and agreed in open court that neither would seek spousal support. Given that Husband had ample opportunity to bring up the subject before the June 26 hearing, the trial court did not abuse its discretion by refusing to take evidence on the issue of spousal support. Accordingly, Husband's first assignment of error is overruled.
 B. Husband's Second Assignment of Error The trial court abused its discretion in failing to awardHusband attorney fees incurred to obtain health insurance dueto Wife's misrepresentation regarding COBRA coverage.
Husband's second assignment of error argues that the trial court erred by not awarding attorney fees. As part of the original divorce decree, Husband was to have access to health insurance through Wife's insurance from her employer. However, when Wife signed up for her employer insurance, she listed herself as single and divorced, though the divorce decree had not yet been issued. As a result, Husband was not able to get health insurance coverage through Wife, as had been stipulated by the parties. Husband moved for vacation of the divorce decree under Civ.R. 60(B), setting into motion the events that have culminated in the present appeal. Husband argues that he is entitled to attorney fees from Wife because her misrepresentation of her marital status to her employer created the need to go to court and seek appropriate judicial relief. We disagree.
"Whether to award attorney fees in a post-divorce action lies within the discretion of the trial court." Parzynski v. Parzynski
(1992), 85 Ohio App.3d 423, 439. Thus, we must affirm unless the trial court abuses its discretion. Wayne Mut. Ins. Co. v.McCartney (1996), 114 Ohio App.3d 129, 135-36.
We find no abuse of discretion in the case at bar. The trial court found that neither party came to court with clean hands after the original divorce decree was issued but that neither party should be held in contempt because of the complexity of the case. Given the trial court's superior vantage point in dealing with these parties over an extended period of time, we cannot say that the trial court abused its discretion by denying Husband's request for attorney fees. Husband's second assignment of error is overruled.
 C. Husband's Third Assignment of Error The trial court erred in failing to award Husband hisseparate funds from the sale of the Holmes County property.
 Wife's First Cross-Assignment of Error The trial court erred as a matter of law in awarding tocross-appellee funds from the sale of the Holmes Countyproperty as his separate property.
We address these assignments of error together because they concern the same issue: the trial court's determination of certain funds as marital or separate property. Husband had $19,000 in funds that he obtained after selling a house that he owned with his first wife. At the February 14, 1996 trial, Husband attempted to trace those funds as his separate property; however, the trial court declared those funds marital property in the original divorce decree. Husband then moved to introduce new evidence on the issue of the $19,000 as part of his Civ.R. 60(B) motion. At the June 26, 1997 hearing, the trial court heard the newly discovered evidence. As a result, the trial court found that $5955 of the $19,000 had been traced, but that Husband did not adequately trace the remaining $13,045. Both Husband and Wife attack the trial court's finding. Husband argues that the entire $19,000 was traced sufficiently to make it his separate property; Wife argues that Husband failed to trace any of the $19,000 and that it is marital property.
In a divorce, marital property and separate property are mutually exclusive. R.C. 3105.171(A)(3)(b). Marital property is to be divided between the spouses, R.C. 3105.171(C)(1), while separate property is distributed solely to the spouse to whom the separate property belongs, R.C. 3105.171(D). Separate property is not rendered marital property solely by commingling, so long as the separate property is traceable. R.C. 3105.171(A)(6)(b). The burden of tracing is on the party alleging that the property is separate property. Modon v. Modon (1996), 115 Ohio App.3d 810,815.
At the June 26, 1997 hearing, Husband presented evidence that the $19,000 from the sale of the house was deposited into a savings account, and that $5955 of that amount was used to pay on the mortgage of a house that Husband and Wife owned. Husband testified that funds from the savings account were frequently lent to the parties' business; the business would then repay the loan, depositing the money directly into the savings account. However, Husband was unable to produce documentation to show specifically where and how the remaining $13,045 went. The trial court did not abuse its discretion by finding that Husband traced $5955 sufficiently to make that money his separate property. The trial court also did not abuse its discretion by finding that Husband failed to carry his burden as to the remaining $13,045. Accordingly, Husband's third assignment of error and Wife's first cross-assignment of error are both overruled.
 D. Wife's Second Cross-Assignment of Error The trial court erred as a matter of law in requiring thecross-appellant to remain married to cross-appellee for thesole purpose of permitting cross-appellee to obtain medicalinsurance through the COBRA law.
Wife argues in her second assignment of error that the trial court's order vacating the divorce decree, and thereby returning the parties to a "married" status, was erroneous. She argues that it was done for the purpose of placing Husband on the insurance she maintains through her employer; however, she contends that the trial court improperly determined that Husband qualified under the federal COBRA law allowing extension of health insurance coverage.
We cannot address Wife's contention. This assignment of error essentially attacks the propriety of the trial court's vacation of the divorce decree under Civ.R. 60(B). An order granting a Civ.R. 60(B) motion is a final, appealable order, and any appeal must be undertaken within thirty days of the order.Bourque v. Bourque (1986), 34 Ohio App.3d 284, 286. If an appeal is not brought within that time, a litigant is barred from raising the issue of the vacation of the order on a subsequent appeal.Id. The trial court vacated the divorce decree on January 31, 1997; no appeal was taken from that order. Therefore, Wife is barred from raising the propriety of the trial court's order in the present appeal. Wife's second cross-assignment of error is overruled.
 III.
Husband's three assignments of error are overruled. Wife's two cross-assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR