[Cite as *Sposito v. Krzynowek*, 2014-Ohio-1151.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| JOHN SPOSITO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | CASE NO. 2013-A-0038 |
| DAVID KRZYNOWEK, | : | |
| Defendant, | : | |
| NATIONWIDE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CV 714.

Judgment: Affirmed.

*Michael J. Feldman* and *Matthew A. Lallo*, Lallo & Feldman Co., L.P.A., Interstate Square Building I, 4230 State Route 306, #240, Willoughby, OH 44094 (For Plaintiff-Appellant).

*Joseph A. Ferrante*, Nationwide Insurance Company, 323 Lakeside Ave., W., Suite 410, Cleveland, OH 44113 and *Joyce V. Kimbler*, 50 South Main Street, Suite 502, Akron, OH 44308 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, John Sposito, appeals from the Judgment Entry of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of

defendant-appellee, Nationwide Insurance Company of America (Nationwide), and dismissing Sposito's Complaint. The issue to be determined by this court is whether an insurance company's exclusion of uninsured/underinsured motorist coverage to an insured driver when he was driving a vehicle provided for his regular use by his employer is void as against public policy. For the following reasons, we affirm the decision of the lower court.

{¶2} On August 14, 2012, Sposito filed a Complaint in the Ashtabula County Court of Common Pleas against David Krzynowek and Nationwide. The Complaint asserted that Sposito was injured when Krzynowek negligently, and while under the influence of alcohol, collided into the rear of Sposito's parked motor vehicle on August 16, 2010. It also alleged that Sposito had made a claim for damages under his Nationwide policy, which included underinsured motorists benefits, and this claim was "wrongfully refused." Sposito requested compensatory and punitive damages in excess of $25,000.

{¶3} Krzynowek filed his Answer on October 22, 2012.

{¶4} On October 23, 2012, Nationwide filed an Answer and Cross-Claim. In its Cross-Claim, it requested indemnity or contribution from Krzynowek. Krzynowek filed an Answer to the Cross-Claim on October 29, 2013.

{¶5} Sposito's deposition was filed on February 28, 2013. In his deposition, he stated that he was working as a mail carrier for the United States Postal Service (USPS) on the date of the accident, when his parked work vehicle was struck from behind by Krzynowek, causing Sposito, who had been sitting inside, to suffer injuries to his neck. Pursuant to Sposito's testimony, the vehicle he was driving on the date of the accident

2

was a USPS vehicle that he used daily for mail deliveries, for approximately five to six days a week, eight months out of the year. For the remaining months of the year, he would drive various other vehicles furnished by the USPS.

{¶6} Nationwide filed a Motion for Summary Judgment on February 28, 2013. It argued that Sposito was not entitled to underinsured motorist coverage under the terms of his policy since, at the time of the accident, he was occupying a vehicle provided to him by his employer, the USPS. Nationwide asserted that, under the terms of the policy, as permitted by R.C. 3937.18, Sposito could not receive uninsured/underinsured motorist coverage while he was driving or occupying a vehicle furnished to him for "regular use." Sposito's insurance policy included the following coverage exclusions related to the uninsured/underinsured motorist coverage:

"A. This coverage does not apply to anyone for bodily injury[:]

* * *

3. While any insured operates or occupies a motor vehicle * * * available

for the regular use of * * * you or a relative, but not insured for Auto

Liability coverage under this policy."

{¶7} On April 26, 2013, Sposito filed a Brief in Opposition to the Motion for Summary Judgment, arguing that the exclusion of coverage is in violation of public policy.

{¶8} On May 29, 2013, a Stipulation for Dismissal with Prejudice was filed, dismissing the claims against Krzynowek.

{¶9} On June 24, 2013, the trial court issued a Judgment Entry, granting summary judgment in favor of Nationwide and dismissing Sposito's claim. The court

3

noted that the "exclusionary language in [Sposito's] Nationwide automobile insurance policy and the Ohio Uninsured Motor[ist] Statute, R.C. 3937.18, provide that Nationwide is not legall[y] obligated to provide under-insured motorist coverage to [Sposito]," since he was operating a vehicle provided to him by his employer when the collision occurred. The court noted that this exclusion had been upheld by the Ohio Supreme Court in *Kenney v. Emps.' Liab. Assur. Corp., Ltd.*, 5 Ohio St.2d 131, 214 N.E.2d 219 (1966).

{¶10} Sposito timely appeals and raises the following assignment of error:

{¶11} "The trial court committed prejudicial error in granting defendant-appellee's motion for summary judgment when it applied the 'available for regular use' exclusion in an uninsured/underinsured policy as found in R.C. 3937.18(I)(1) to the facts of this case."

{¶12} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

4

**{¶13}** Sposito argues that the trial court erred in granting summary judgment in favor of Nationwide, since the purpose of uninsured motorists coverage is to protect people, not vehicles, and that the "available for regular use" or "other owned auto" exclusion in uninsured motorist coverage is unenforceable and void as against public policy as a matter of law.[1] He argues that since he was operating a government owned vehicle, which he has no ability to insure, his own insurance should cover him.

**{¶14}** Nationwide asserts that the cases cited by Sposito in an attempt to distinguish *Kenney* are no longer applicable, following the amendment of R.C. 3937.18 by H.B. No. 261, which authorizes insurers to limit uninsured/underinsured motorist coverage under certain circumstances.

**{¶15}** Pursuant to R.C. 3937.18(I), "[a]ny policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may * * * include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances." One such exception precluding coverage, also known as the "available for regular use" exception, occurs when "the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured * * *, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the * * * uninsured and underinsured motorist coverages are provided." R.C. 3937.18(I)(1); *Spelich v. State Farm Ins. Co.*, 11th Dist. Trumbull No.

---

1. While this case specifically involves the "regular use" exception, "courts sometimes refer to exclusions such as this, generally, as 'other owned auto' exclusions," since these matters relate to whether the insurance extends to cars not owned by the insured or included on his policy. *Yoder v. Thorpe*, 10th Dist. Franklin Nos. 07AP-225 and 07AP-302, 2007-Ohio-5866, ¶ 26-27.

5

2007-T-0043, 2007-Ohio-7128, ¶ 15 ("[o]ther owned vehicle exclusions are permitted to be included in automobile insurance policies regarding uninsured motorist coverage" under R.C. 3937.18).

{¶16} Here, Sposito's insurance policy contained the exact exclusion that is permitted by R.C. 3937.81(I)(1). It denied coverage when Sposito was operating a vehicle "available for * * * regular use," but not covered under his insurance policy. This court has held that, "in determining the validity of an exclusion of UM/UIM motorist coverage, a court must determine whether the exclusion conforms with R.C. 3937.18," which is the case here. *Westfield Ins. Co. v. Ellis*, 11th Dist. Trumbull No. 2003-T-0093, 2004-Ohio-4393, ¶ 8.

{¶17} In a case similar to the present one, which was relied upon by the lower court in granting summary judgment in favor of Nationwide, the Ohio Supreme Court held that when a police officer is assigned to work in a police vehicle for "122 of 164 working days, such a vehicle is as a matter of law 'an automobile furnished for' his 'regular use' within the meaning of such policy provisions" and it can be excluded from insurance coverage. *Kenney,* 5 Ohio St.2d at 135, 214 N.E.2d 219. The court also held that "regular use includes" an employee's use of an automobile that "is only one of a group of automobiles from which an automobile is regularly furnished to the named insured by his employer." *Id.* at 134. As in *Kenney*, Sposito was driving an automobile furnished to him by his employer, which he regularly drove, and which falls under the exception contained in R.C. 3937.81(I)(1).

{¶18} Sposito does not dispute that his use of the USPS vehicle constituted "regular use," i.e., that he had "frequent, steady, constant, or systematic" use of the

vehicle. *Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582, 589, 635 N.E.2d 19 (1994). Instead, he argues that this court should apply the Ohio Supreme Court's holding in *Martin v. Midwestern Group Ins. Co.*, 70 Ohio St.3d 478, 639 N.E.2d 438 (1994), that the purpose of uninsured motorist coverage is to protect "persons, not vehicles," and that "other owned vehicle" exclusions are not enforceable. *Id.* at 481-482.

**{¶19}** In *Martin*, the Ohio Supreme Court held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." *Id.* at 482.

**{¶20}** However, this case has been held inapplicable, since it was superseded by amendments to R.C. 3937.18 contained in H.B. No. 261, effective September 3, 1997, which added sections allowing for certain limitations on uninsured motorist coverage, including the "available for regular use" exception that remains in the present statute.[2] *Yoder*, 2007-Ohio-5866, at ¶ 26-27; *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 2008-Ohio-4838, 896 N.E.2d 666, ¶ 21 ("the General Assembly has repeatedly amended R.C. 3937.18 to supersede our holdings" in *Martin* and related cases). This court, as well as others, have also reached similar conclusions, that "*Martin* was superseded by amendments to then R.C. 3937.18(J) through HB 261, * * * which allowed an insurance company to exclude insureds who were not occupying covered vehicles." *Westfield Ins. Co.,* 2004-Ohio-4393, at ¶ 8, fn. 3; *also Ellis v. Nationwide Ins. Co.,* 160 Ohio App.3d 302, 2005-Ohio-1658, 827 N.E.2d 334, ¶ 30 (7th Dist.) ("[t]he

---

2. In the 1997 version of the statute, the exception was under R.C. 3937.18(J)(1).

7

Ohio General Assembly passed H.B. 261, in part, so that insurance companies could exclude UM/UIM coverage for vehicles not listed in the policy"); *Adams v. Crider,* 3rd Dist. Mercer Nos. 10-02-18 and 10-12-19, 2004-Ohio-535, ¶ 13. These cases specifically find that the statute allows exclusions for vehicles not listed in the insured's policy, which would include the USPS vehicle in the present case.

**{¶21}** It is also noteworthy that, as discussed above, *Martin*'s holding was based on the insurance policy's failure to comply with the mandates of the existing version of R.C. 3937.18. *Martin*, 70 Ohio St.3d at 482, 639 N.E.2d 438. Since R.C. 3937.18 has changed, presumably, the court's holding in *Martin* would be different in the present circumstances, since policies such as Sposito's specifically contain exceptions now included in R.C. 3937.18(I)(1).

**{¶22}** Based on this, it follows that *Watts v. Gen. Acc. Ins. Co. of Am.*, 102 Ohio App.3d 359, 657 N.E.2d 320 (2nd Dist.1995), cited by Sposito in support of his contention that underinsured motorist coverage "follows the insured and not the vehicle," would be inapplicable for similar reasons, especially given that it relies on the reasoning contained in *Martin. Id.* at 364.

**{¶23}** In light of the foregoing, several courts have applied *Kenney*, post-H.B. 261, to circumstances similar to those in the present case, in holding that an employee is not covered by uninsured/underinsured motorist coverage when using an employer's vehicle which was available for his regular use. *Yoder* at ¶ 46; *Brill v. Progressive Ins. Co.*, 8th Dist. Cuyahoga No. 84665, 2005-Ohio-626, ¶ 23-25.

**{¶24}** Based on the existing case law and statute, we reject Sposito's argument that underinsured/uninsured motorist coverage should cover all vehicles, as well as his

8

contention that this result is unfair because he was unable to insure his work vehicle. Sposito provides no case law, post-H.B. 261, in support of his contention that this conclusion is against public policy. As has been repeatedly held, "[i]t [is] for the legislature of Ohio to define the public policy of that State." (Citation omitted.) *In re Application of Marriage License for Nash*, 11th Dist. Trumbull Nos. 2002-T-0149 and 2002-T-0179, 2003-Ohio-7221, ¶ 34; *State ex rel. Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 21 ("the General Assembly is the ultimate arbiter of public policy"). There are no grounds provided here that would cause us to second guess the legislature as to this issue.

{¶25} The Tenth District came to a similar conclusion in *Yoder*, holding that the statute represented the General Assembly's public policy determinations and intent and, therefore, found no basis for a holding that the regular use exclusion was in violation of public policy. *Yoder*, 2007-Ohio-5866, ¶ 38 (rejecting the appellant's argument that "enforcement of the regular use exclusion would violate public policy by thwarting the purpose of UM insurance to protect persons from uninsured drivers" and that it would produce unreasonable results).

{¶26} Sposito cites *Wayne Mut. Ins. Co. v. McCartney*, 114 Ohio App.3d 129, 682 N.E.2d 1061 (7th Dist.1996), in support of his position that the trial court's ruling is against public policy. Again, we must emphasize that this case, as the others cited by Sposito, was decided prior to the amendment to R.C. 3937.18, adding the specific exclusion that exists in this case. It relies directly on *Martin* and the prior version of the statute in concluding that the exclusion was against public policy.

{¶27} The sole assignment of error is without merit.

9

{¶28} For the foregoing reasons, the Judgment Entry of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of Nationwide and dismissing Sposito's Complaint, is affirmed.  Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.