OPINION
{¶ 1} This is an appeal from a summary judgment ruling of the Court of Common Pleas of Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was seriously injured on October 1, 2000, due to the negligence of a third party, one, David Brown, with whom a consent settlement was reached.
 {¶ 3} Appellant was operating a motorcycle at the time of the accident.
 {¶ 4} Appellant carried insurance with Preferred Mutual Insurance Company and with Progressive Insurance Company, with Appellant's motorcycle being listed on Progressive's policy.
 {¶ 5} These companies are not involved in this appeal.
 {¶ 6} Appellant filed this action as to Appellee for underinsured coverage under a policy issued by Appellee to Appellant's father, Daniel Atterholt, dba Atterholt Excavation.
 {¶ 7} Appellant's motorcycle was not listed on his father's policy with Appellee.
 {¶ 8} While Appellant did not claim employment by his father, he did assert residency with him.
 {¶ 9} The Court sustained Appellee's Civ.R. 56 Motion.
 {¶ 10} The Assignment of Error is:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT THE `OTHER OWNED AUTO EXCLUSION' CAN ONLY EXCLUDE UM/UIM COVERAGE FOR AN INSURED WHEN THE INSURED OCCUPIES ANOTHER AUTOMOBILE OWNED BY THE NAMED INSURED."
 I. {¶ 12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
 {¶ 13} "* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"
 {¶ 14} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996),75 Ohio St.3d 280."
 {¶ 15} It is based upon this standard we review appellant's assignment of error.
 {¶ 16} The essential argument of Appellant's sole Assignment of Error is that the statutory provisions of R.C. § 3937.18 (H.B. 261, September 3, 1997), have been exceeded by the policy language applicable to the case sub judice and that Martin v.Midwestern Group Ins. Co. (1994), 70 Ohio St.3d 478, has not been affected by the 1997 amendment to such statute. We disagree.
 {¶ 17} Revised Code § 3937.18 in effect at the time of Appellant's accident provided:
 {¶ 18} "(J) The coverage offered under division (a) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 19} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided . . ."
 {¶ 20} Martin v. Midwestern Group Ins. Co., supra, was decided when UM/UIM motorist coverage was mandatory and the court, in effect, stated that the exclusion created by the policy which eliminated coverage if the vehicle was not listed in the policy was contrary to law.
 {¶ 21} The court stated in such case:
 {¶ 22} "Supreme Court must liberally construe uninsured motorist statute in order to effectuate legislative purpose. R.C. § 3937.18(A)(1).
 {¶ 23} "Although statute mandating uninsured motorist coverage in automobile policies does not displace ordinary principles of contract law, party cannot enter into contract that is contrary to law; thus, validity of insurance policy exclusion of uninsured coverage depends upon whether it conforms to statute mandating such coverage. R.C. § 3937.18.
 {¶ 24} "Automobile liability policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying motor vehicle owned by insured, but not specifically listed in policy, violates statute mandating uninsured motorist coverage and is invalid; overrulingHedrick v. Motorists Mut. Ins. Co., 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840. R.C. §§ 3937.18, 3937.18(A)(1)."
 {¶ 25} As the law does not now mandate UM/UIM coverage, such case is only applicable in that it holds that we must effectuate the legislative purpose.
 {¶ 26} Accordingly, this court has held on numerous occasions that the exclusion as contained in the policy in the case sub judice is valid.
 {¶ 27} For example, in Bergmeyer v. Auto Owners, Ins. Co.
(Jan. 13, 2003), 5th Dist. App. No. 2002CA00228, 2003-Ohio-133, a case in which the identical policy language appeared), this Court stated:
 {¶ 28} "Employee could not maintain claim under employer's underinsured motorist (UIM) policy as to injury to employee's mother, where the policy excluded coverage for vehicles owned by insured but not specifically listed in the policy. R.C. § 3937.18(j)(1)."
 {¶ 29} Also, in Rosenberry v. Morris, (May 27, 2003), 5th Dist. App. No. 2002CA00399, 2003-Ohio-2743, this court held:
 {¶ 30} "Business auto liability policy had `other owned auto' exclusion that excluded coverage for injuries incurred in any vehicle owned by insured that was not specifically identified in policy, and thus, injured motorist, who was driving non-covered vehicle at time of accident, was excluded from UM/UIM coverage under policy, where husband was employed by insured, vehicle was owned by husband, and vehicle was not specifically identified as covered vehicle in policy. R.C. § 3937.18."
 {¶ 31} Again, Nationwide Mutual Ins. Co. v. Royal andSunalliance Personal Ins. (June 9, 2003), 5th Dist. App. No. 2002CA00384, 2003-Ohio-2986, this Court's opinion was:
 {¶ 32} "`Other owned vehicle' exclusion in employer's business auto policy that specifically provided uninsured/underinsured (UM/UIM) coverage for only certain listed autos was valid, and thus, family member of insured's employee, who was injured while driving a non-covered auto, was not entitled to UM/UIM benefits; motorist was driving his own vehicle at the time of the accident. R.C. § 3937.18."
 {¶ 33} A similar result was reached in Mayle, Admx. V.Gimroth, Adms., Stark App. No. 2002CA00413, 2003-Ohio-2493, and in Knight v. Grange Mutual Casualty Co. (December 8, 2004), Tusc. App. No. 2004AP04033, 2004-Ohio-6677, and in Eslich v.Johnson, (Feb. 9, 2004), Stark App. No. 2003CA00200, 2004-Ohio-617.
 {¶ 34} The argument that the General Assembly lacks the power under Article II, Section 32 of the Ohio Constitution is not well taken in that the Supreme Court in the Martin case, supra, was merely interpreting and enforcing a legislative enactment which the Legislature has now amended.
 {¶ 35} We find the exclusion in the policy to be applicable to Appellant and affirm the decision of the trial court at Appellant's costs.
Boggins, J. Wise, J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellants.