OPINION
{¶ 1} Appellant Daniel Atterholt ("appellant") appeals the decision of the Richland County Court of Common Pleas that granted summary judgment on behalf of Appellee Preferred Mutual Insurance Company ("Preferred Mutual."). The following facts give rise to this appeal.
 {¶ 2} On October 1, 2000, at approximately 6:15 p.m., on State Route 430 in Mifflin Township, David Brown failed to yield the right-of-way and struck appellant while making a left-hand turn. At the time of the accident, appellant was riding a 1983 Honda Nighthawk motorcycle, which was not insured by Preferred Mutual. However, appellant owned two other motor vehicles that were insured with Preferred Mutual. As a result of the accident, appellant received extensive injuries
 {¶ 3} On September 27, 2002, appellant filed suit. Appellant sought to recover damages and underinsured motorist coverage benefits from Mr. Brown and several insurers, including Preferred Mutual. The insurers filed their respective motions for summary judgment and appellant voluntarily dismissed the action on September 18, 2003, while the motions remained pending. Appellant re-filed his claims on September 8, 2004.
 {¶ 4} Thereafter, on April 8, 2005, Preferred Mutual moved for summary judgment. The trial court granted Preferred Mutual's motion on January 18, 2006, concluding that underinsured motorist coverage was excluded for injuries sustained while occupying a motor vehicle owned by a named insured that was not listed on the Preferred Mutual policy. Judgment Entry, Jan. 18, 2006, at 2. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THAT THE `OTHER OWNED AUTO EXCLUSION' CAN ONLY EXCLUDE UM/UIM COVERAGE TO THE EXTENT AUTHORIZED BY OHIO'S UM/UIM STATUTE, R.C. 3937.18.
 Summary Judgment Standard {¶ 6} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 7} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 8} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 9} It is based upon this standard that we review appellant's assignment of error.
 I {¶ 10} In his sole assignment of error, appellant maintains the trial court erred when it failed to recognize that the "other owned auto" exclusion can only exclude UM/UIM coverage to the extent authorized by Ohio's UM/UIM statute.
 {¶ 11} The language at issue, in Preferred Mutual's policy, provides as follows:
{¶ 12} EXCLUSIONS
 {¶ 13} A. We do not provide Uninsured Motorists Coverage for "bodily injury" sustained:
 {¶ 14} 1. By an `insured' while `occupying,' or when struck by, any motor vehicle owned by that `insured' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle."
 {¶ 15} On appeal, appellant sets forth several arguments. First, appellant contends the Ohio Supreme Court's decision inMartin v. Midwestern Grp. Ins. Co. (1994), 70 Ohio St.3d 478, remains good law and that according to the Martin decision, any policy restrictions that vary from the requirements and purpose of R.C. 3937.18 are unenforceable. Appellant also cites the case of State Farm Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397, for the general proposition that any policy restrictions of UM coverage mandated by R.C. 3937.18 have to comply with the statute's purpose. In conjunction with this argument, appellant also maintains the H.B. 261 version of R.C. 3937.18 does not overrule the Martin or Alexander decisions which provide that UM/UIM coverage is statutorily required to follow persons, not vehicles.
 {¶ 16} H.B. 261, which amended R.C. 3937.18, effective September 3, 1997, added subsection (J)(1) and provides:
 {¶ 17} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 18} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use for the named insured, a spouse, or a resident relative of the named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *."
 {¶ 19} In response, Preferred Mutual argues the General Assembly superceded the Martin decision with the passage of H.B. 261. With the passage of H.B. 261, insurers were again permitted to exclude UM/UIM motorist coverage for vehicles not insured under the policies issued to their insureds. We recently addressed this same argument in Atterholt v. Auto Owners Ins.Co., Richland App. No. 2005CA0073, 2006-Ohio-1576, wherein we explained that the Martin decision "* * * was decided when UM/UIM motorist coverage was mandatory and the court, in effect, stated that the exclusion created by the policy which eliminated coverage if the vehicle was not listed in the policy was contrary to law." Id. at ¶ 20. Thus, we concluded in Atterholt that since R.C. 3937.18 does not now mandate UM/UIM coverage, theMartin case is only applicable in that it requires us to effectuate the legislative purpose of the statute. Id. at ¶ 25.
 {¶ 20} Thus, the Ohio Supreme Court and this court have concluded, that "other owned auto" exclusions are enforceable to preclude UM/UIM motorist coverage for insured persons who are occupying vehicles that, at the time of the accident, are not listed as covered autos on the insurance policies under which they are seeking UM/UIM benefits. See Baughman v. State FarmMut. Auto. Ins. Co., 88 Ohio St.3d 480, 484, 2000-Ohio-397;Atterholt, supra, at ¶ 35; Knight v. Grange Mut. Cas. Co.,
Tuscarawas App. No. 2004 AP 04 0033, 2004-Ohio-6677, at ¶ 37;Eslich v. Johnson Stark App. No. 2003 CA 00200, 2004-Ohio-617, at ¶ 24; Nationwide Property Cas. Ins. Co. v. Cincinnati Ins.Co., Stark App. No. 2003CA0088, 2003-Ohio-4311 at ¶ 23;Bergmeyer v. Auto Owners Ins. Co., Stark App. No. 2002CA00228, 2003-Ohio-133, at ¶ 13; Mayle v. Gimroth, Stark App. No. 2002-CA-00413, 2003-Ohio-2493, at ¶ 14; Nationwide Mut. Ins. Co.v. Royal and Sunalliance Personal Ins., Stark App. No. 2002CA00384, 2003-Ohio-2986, at ¶ 28; Rosenberry v. Morris,
Stark App. No. 2002-CA-00399, 2003-Ohio-2743, at ¶ 37; UniversalUnderwriters Ins. Co. v. Estate of Miller, Stark App. No. 2002CA00225, 2003-Ohio-2489, at ¶ 50; Miller v. Grange Mut. Cas.Co., Stark App. No. 2002CA00058, 2002-Ohio-5763, at ¶ 21- ¶ 22; and Jones v. Nationwide Ins. Co. (July 23, 2001), Stark App. No. 2000CA00329, at 1-2.
 {¶ 21} Appellant next maintains Ohio courts have rejected "other owned auto" exclusions that reach beyond what is permitted by H.B. 261. In support of this argument, Preferred Mutual cites the following cases: Roberts v. Wausau Bus. Ins. Co.,149 Ohio App.3d 612, 2002-Ohio-4734; Daugherty v. Hamilton, Ottowa App. No. OT0-2-015, 2003-Ohio-3685; Purvis v. Cincinnati Ins. Co.,
Greene App. No. 2001-CA-104, 2002-Ohio-1803; Wright v.Cincinnati Ins. Co., Montgomery App. No. 19802, 2003-Ohio-4201; and DeUzhca v. Derham, Montgomery App. No. 19106, 2002-Ohio-1814.
 {¶ 22} Preferred Mutual correctly points out that these cases are distinguishable from the case sub judice. First, theRoberts case dealt with an insured, Julie Roberts, who was injured while occupying a vehicle owned by Roy Enyart and not listed on the policy. This is factually distinguishable from the current case under consideration because appellant owned the motorcycle he was driving at the time of the accident. TheDautherty, Purvis, Wright and DeUzcha cases are also distinguishable because they concern distinctions between insureds and named insureds. However, in the matter before this court, appellant is the named insured on Preferred Mutual's policy thereby making the distinction with those four cases irrelevant.
 {¶ 23} Finally, appellant contends the "other owned auto" exclusion is ambiguous and overbroad and therefore, unenforceable. Appellant specifically argues that the language of the policy exclusion under consideration does not comport with the language authorized by H.B. 261 because the exclusion states that it applies when an insured is "occupying" or "struck by" an owned auto that is not listed for UM/UIM coverage but not when the insured is "operating" or "driving" the other owned, but not listed auto.
 {¶ 24} We reject this argument for several reasons. First, the term "occupying" is defined in the policy as "in, upon, getting in, or out or off." See Policy No. PPA 0100 55 67 48, PP 00 01 06 98, at 1. Under this definition, one is occupying when he or she is driving at the time of the accident. Because a person can be occupying a vehicle while driving a vehicle, the requirement of the terms "operating" or "driving" as urged by appellant is not necessary and would be redundant. Appellant also attempts to create an issue with the "struck by" phrase contained in Preferred Mutual's "other owned auto" exclusion. However, this phrase is not relevant to the matter before us because there is no allegation that appellant was struck by any vehicle that he owned at the time of the accident.
 {¶ 25} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs assessed to Appellant.