OPINION
{¶ 1} Appellant, Norma L. Spelich, individually and on behalf of her minor child, Tiffany Spelich ("Spelich"), appeals the judgment entered by the Trumbull County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellee, State Farm Insurance Company ("State Farm").
 {¶ 2} On September 26, 2005, Tiffany Spelich ("Tiffany") was involved in an automobile accident in Trumbull County. Tiffany was operating a 1996 Ford Contour at *Page 2 
the time of the accident. The alleged tortfeasor who collided with Tiffany's vehicle was uninsured.
 {¶ 3} At the time of the accident, Tiffany was a minor and was covered by insurance policies issued to her parents by State Farm. There were three specific policies at issue. All of the policies carried uninsured motorist coverage. The first policy covered the 1996 Ford Contour ("Contour"). The declarations page associated with this policy indicated the limits of liability for uninsured motorist coverage was $25,000 per individual, $50,000 per accident. The second policy covered a 1999 Jeep Cherokee ("Cherokee"). The declarations page associated with this policy indicated the limits of liability for uninsured motorist coverage was $100,000 per individual, $300,000 per accident. The third policy covered a 1995 Chevrolet Cavalier ("Cavalier"). The declarations page associated with this policy indicated the limits of liability for uninsured motorist coverage was $100,000 per individual, $300,000 per accident.
 {¶ 4} Spelich sought uninsured motorist coverage through State Farm. State Farm agreed that coverage existed, but only in the amount of $25,000.
 {¶ 5} Spelich filed the instant action for breach of contract and declaratory judgment. The complaint alleged Spelich was entitled to $100,000 in uninsured motorist coverage, which was the limit on the Cherokee and Cavalier policies. State Farm filed an answer, admitting that Spelich was entitled to uninsured motorist coverage for the accident, but only in the amount of $25,000, the limits of the Contour policy. We note State Farm has paid $25,000 to Spelich.
 {¶ 6} State Farm filed a motion for summary judgment. State Farm attached copies of the three relevant insurance policies to its motion. Spelich filed a counter- *Page 3 
motion for summary judgment. In addition, each party filed a response brief in opposition to the other party's motion for summary judgment. The trial court entered summary judgment in favor of State Farm.
 {¶ 7} Spelich raises the following assignment of error:
 {¶ 8} "The trial court erred to the prejudice of the plaintiff-appellant in finding that the plaintiff-appellant was excluded from collecting coverage under the $100,000.00 policy issued by the defendant-appellee."
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. Civ.R. 56(C). The standard of review for the granting of a motion for summary judgment is de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 10} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt, the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply *Page 4 
by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Misteff v.Wheeler (1988), 38 Ohio St.3d 112.
 {¶ 11} " * * *
 {¶ 12} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled to a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.' [Dresher v. Burt,75 Ohio St.3d at 276.]" Welch v. Ziccarelli, 11th Dist. No. 2006-L-229,2007-Ohio-4374, at ¶ 40-42. (Emphasis in original.)
 {¶ 13} "An insurance policy is a contract." Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶ 9. "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties of the agreement." (Citations omitted.) Id. at ¶ 11. *Page 5 
 {¶ 14} In this matter, since there were three separate policies at issue, the parties had three separate contractual relationships. It is undisputed that, pursuant to the Contour policy, Spelich was entitled to uninsured motorist coverage. State Farm paid Spelich $25,000, the limits of the Contour policy. Spelich asserts that she is entitled to the $100,000 policy limits contained in the Cherokee and Cavalier policies. State Farm argues that Spelich is precluded from uninsured motorist coverage under the Cherokee and Cavalier polices due to the other owned vehicle exclusions contained in those policies.
 {¶ 15} Other owned vehicle exclusions are permitted to be included in automobile insurance policies regarding uninsured motorist coverage. R.C. 3937.18. See, also, e.g., Baughman v. State Farm Mut. Auto Ins.Co. (2000), 88 Ohio St.3d 480, 484. R.C. 3937.18 provides, in part:
 {¶ 16} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
 {¶ 17} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, *Page 6 
underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided."
 {¶ 18} In this matter, the relevant language of the Cavalier and Cherokee policies is:
 {¶ 19} "There is no coverage:
 {¶ 20} " * * *
 {¶ 21} "2. For bodily injury to an insured:
 {¶ 22} "a. While operating or occupying a motor vehicle owned by or leased to you, your spouse, or any relative if it is not insured for this coverage under this policy." (Emphasis in original.)
 {¶ 23} The parties agree that Tiffany is an insured under the Cherokee and Cavalier policies. At the time of the accident, she was operating the Contour. The Contour was owned by her mother, Norma Spelich. Finally, the Contour was not insured under the Cavalier or Cherokee policies. Thus, a brief look at the exclusionary language reveals that Spelich is not entitled to uninsured motorist coverage under the Cavalier or Cherokee Policies.
 {¶ 24} The Fifth Appellate District has recently addressed a similar issue, in which underinsured motorist coverage was not permitted due to an "other owned" vehicle exclusion. Atterholt v. Preferred Mut. Ins.Co., 5th Dist. No. 06 CA 17, 2006-Ohio-4139. In Atterholt, the insured was injured while operating his motorcycle. The insured had two other vehicles insured through Preferred Mutual; however, the motorcycle was not insured by Preferred Mutual. Id. at ¶ 2. The insured sought underinsured motorist coverage through Preferred Mutual. The Fifth District held that *Page 7 
underinsured motorist coverage did not apply, due to the other owned vehicle exclusion, since the insured owned the motorcycle and it was not listed on the policy in question. Id. at ¶ 22-24. We agree with this analysis.
 {¶ 25} Spelich cites this court's decision in Westfield Ins. Co. v.Ellis, 11th Dist. No. 2003-T-0093, 2004-Ohio-4393, in support of her position that the policies in the instant matter are ambiguous. InWestfield Ins. Co. v. Ellis, this court reversed a summary judgment in favor of the insurance company on the issue of uninsured motorist coverage. Id. at 37. The reversal was due to the fact the other owned vehicle exclusion in the policy did not comport to the language in former R.C. 3937.18 and certain ambiguities. Id. at 25-26. Spelich does not argue that any of the specific ambiguities found in Westfield Ins.Co. v. Ellis are present in this matter.
 {¶ 26} Westfield Ins. Co. v. Ellis involved a situation where uninsured motorist coverage was sought through a commercial automobile policy. The case sub judice is somewhat simpler, in that coverage was sought under separate policies issued to Spelich. In this matter, the language of the Cherokee and Cavalier policies was not ambiguous. Instead, the other owned vehicle exclusions contained in those policies specifically excluded coverage in instances where an accident occurs while an insured is operating a vehicle that she or a relative owned. The undisputed evidence is that Tiffany is an insured under the Cherokee and Cavalier policies, that she was operating the Contour at the time of the accident, and the Contour was owned by Spelich. Thus, the valid other owned vehicle exclusions in the Cherokee and Cavalier policies preclude Spelich from being eligible for uninsured motorist coverage under those policies. *Page 8 
 {¶ 27} Spelich contends the anti-stacking preclusion creates ambiguity in the Cherokee and Cavalier policies. We disagree. The anti-stacking exclusions provide:
 {¶ 28} "If other policies issued by us to you, your spouse, or any relative apply
 {¶ 29} "Subject to 1 above, if two or more motor vehicle liability policies issued by us to you, your spouse, or any relative providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that with the highest limit of liability."
 {¶ 30} Spelich contends that, pursuant to this language, she is entitled to $100,000 in uninsured motorist coverage, as that is the limit of the highest policy, the Cherokee or Cavalier policy. However, as noted above, the Cavalier and Cherokee policies do not "apply" to this accident due to the existence of valid other owned vehicle exclusions. Therefore, only the Contour policy applies to this accident. Since only one insurance policy applies to the accident, the anti-stacking language is not relevant to this matter. Moreover, the anti-stacking language does not create an ambiguity with respect to the other owned vehicle exclusion.
 {¶ 31} In her brief, Spelich asserts that the inclusion of this language creates an ambiguity because it "illustrates that the Defendant-Appellee, State Farm Insurance Company, is at the very least, anticipating that two or more policies issued to an insured may apply to the same accident." However, this language addresses those situations where the insured is operating, or a passenger in, an auto that is not an "other owned" auto. The specific "other owned" auto exclusion removes any potential ambiguity.
 {¶ 32} Finally, it is clear that Spelich was only entitled to $25,000 in uninsured motorist coverage. The declarations pages of the policies all include itemized premiums *Page 9 
for uninsured motorist coverage. Spelich agreed to pay a certain price for $100,000/300,000 in uninsured motorist coverage in the Cherokee and Cavalier policies. However, she only purchased $25,000/50,000 of uninsured motorist coverage in the Contour policy. If Spelich wanted the additional uninsured motorist coverage in the Contour policy, she needed to pay the additional premium to purchase such coverage.
 {¶ 33} There were no genuine issues of material fact for trial, and State Farm was entitled to judgment as a matter of law. Thus, the trial court did not err in entering summary judgment in favor of State Farm.
 {¶ 34} Spelich's assignment of error is without merit.
 {¶ 35} The judgment of the trial court is affirmed.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1