ELLIS, Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Appellee.

[Cite as *Ellis v. Nationwide Ins. Co.,* 160 Ohio App.3d 302, 2005-Ohio-1658.]

Court of Appeals of Ohio,
Seventh District, Belmont County.

No. 04 BE 7.

Decided March 28, 2005.

Bordas & Bordas PLLC, Scott S. Blass, and James B. Stoneking, for appellant.
John T. DeFazio, for appellee.

WAITE, Judge.

{¶ 1} This is an appeal of summary judgment in an uninsured/underinsured-motorist insurance ("UM/UIM") case. Appellant Warren Ellis owned a personal automobile insurance policy issued by appellee Nationwide Insurance Company ("Nationwide"). Appellant was injured when the tortfeasor, Nancy Skiba, struck him while he was riding his motorcycle. Appellant filed a complaint in the Belmont County Court of Common Pleas in order to receive underinsured-motorist insurance ("UIM") benefits under the policy. The trial court overruled appellant's motion for summary judgment and sustained appellee's motion. The court found that the policy contained a valid "other owned auto" exclusion and that the exclusion was permitted under the applicable version of the uninsured-motorist statute, R.C. 3937.18(J). The court concluded that, at the time of the accident, appellant was occupying a motor vehicle that was not a covered vehicle under the policy and that appellant was excluded from receiving UIM benefits. We agree with the trial court's analysis and affirm the judgment in full.

{¶ 2} Appellant's accident occurred on July 15, 1999, in St. Clairsville, Ohio. He sustained severe injuries to his wrists, shoulders, and other areas of his body. Appellant exhausted the tortfeasor's liability insurance and presented a claim to Nationwide for UIM benefits under his personal automobile policy. The Nation-wide policy provided liability and collision coverage for three of appellant's

vehicles, but did not list as an insured vehicle the motorcycle that was involved in the July 15, 1999 accident. Nationwide denied the UIM claim, and appellant filed a complaint in the Belmont County Court of Common Pleas on November 19, 2001, in an attempt to receive benefits under the policy.

{¶ 3} On September 4, 2002, appellant filed a motion to compel discovery. Appellant attempted to seek further discovery with respect to one interrogatory and one request for production of documents, as follows:

{¶ 4} "INTERROGATORY NO. 9: Please state verbatim all of the requirements of the policy which you contend plaintiff failed to comply with as per the first affirmative defense contained in your Answer to the Plaintiff's Complaint.

{¶ 5} "REQUEST NO. 5: Produce a copy of Nationwide's standard motorcycle policy issued to residents of the State of Ohio in 1999."

{¶ 6} The trial court partially granted the motion to compel on October 24, 2002, and allowed appellant to receive a copy of a standard endorsement form for recreational vehicles and motorcycles. The remainder of the motion to compel was overruled. Appellant did not file any other motions to compel discovery in this case.

{¶ 7} On September 2, 2003, Nationwide filed a motion for summary judgment. Nationwide argued that Endorsement 2352(A), dealing with UM/UIM benefits contained the following "other owned auto" exclusion:

{¶ 8} "This coverage does not apply to:

{¶ 9} "* * *

{¶ 10} "3. Bodily injury suffered while occupying a motor vehicle:

{¶ 11} "a) owned by;

{¶ 12} "b) furnished to; or

{¶ 13} "c) available for the regular use of;

{¶ 14} "you or a relative, but not insured for Auto Liability coverage under this policy. It also does not apply to bodily injury from being hit by any such motor vehicle."

{¶ 15} Nationwide argued that appellant's motorcycle was not one of the vehicles listed on the declaration page of the policy, was not insured for liability coverage, and thus was excluded from UIM coverage.

{¶ 16} On September 5, 2003, appellant filed a motion for summary judgment. Appellant claimed that the "other owned auto" exclusion was unenforceable because the Nationwide policy was governed by a version of R.C. 3937.18 that did not allow such an exclusion. Appellant argued that the "other owned auto"

exclusion only became available after the passage of H.B. No. 261, effective September 3, 1997.

{¶ 17} Appellant argued that Nationwide failed to prove that the policy in effect at the time of the accident (which occurred on July 15, 1999) was governed by H.B. 261. Appellant asserted that, under the holding of *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, an automobile liability policy is guaranteed a minimum two-year period in which the policy cannot be changed, including renewals of the policy. *Wolfe* also held that an automobile liability policy is governed by the law in effect at the time the policy is issued or when there is renewal of the policy. Id. at 250, 725 N.E.2d 261. Appellant claimed that Nationwide did not provide any evidence as to a date when the policy was first issued or renewal dates and so could not prove whether the policy was governed by H.B. 261.

{¶ 18} Appellant further argued that, even if H.B. 261 applied, the policy was ambiguous in its definition of "motor vehicle," which was defined as:

{¶ 19} "[A] land motor vehicle designed for use on public roads. This does not include motor vehicles operated on rails or crawler treads. Other motor vehicles designed for use mainly off public roads are covered when used on public roads."

{¶ 20} Appellant argued that the "other owned auto" exclusion only excluded certain types of "motor vehicles." Appellant asserted that his motorcycle is not obviously included in the policy definition of "motor vehicle" and thus would not necessarily be excluded from UIM coverage. He argued that this ambiguity should be interpreted in his favor. Appellant also argued that Nationwide had a completely separate endorsement form for motorcycles, possibly indicating that Nationwide did not consider motorcycles to be a type of vehicle described in the standard automobile liability policy.

{¶ 21} It must be noted that neither appellant nor Nationwide initially submitted any supporting documents in favor of summary judgment, such as affidavits, depositions, transcripts, or written admissions, as required by Civ.R. 56(C). Both parties relied solely on the pleadings and the words of the insurance contract itself.

{¶ 22} On September 12, 2003, appellant filed a response to Nationwide's motion for summary judgment. Appellant raised the question whether he was actually "occupying" his motorcycle at the time of accident. If he was not "occupying" the motorcycle, he believed that he would not fall within the confines of the "other owned auto" exclusion.

{¶ 23} On September 17, 2003, Nationwide filed a supplement to its motion for summary judgment. It attached an affidavit of Anthony Barone, the claims representative handling appellant's UIM claim. Nationwide also attached a

computer printout, which highlighted the date "03/04/84." Barone's affidavit referred to this printout and asserted that the printout was a master record printout containing the inception date of the policy, March 4, 1984. Barone calculated that the effective renewal date of the policy immediately prior to the accident, using the two-year period described in *Wolfe,* supra, was March 4, 1998. Barone emphasized that H.B. 261 became effective on September 3, 1997, and thus was the law governing the interpretation of the policy at the time of the accident.

{¶ 24} On October 1, 2003, appellant filed a supplemental response to Nationwide's motion for summary judgment. Appellant argued that Barone's affidavit and the accompanying computer printout were insufficient to prove that March 4, 1984, was the inception date of the policy. However, appellant failed to file an opposing affidavit or any other evidence to indicate a different starting date for the policy. Appellant argued that Nationwide had stonewalled him in his effort to receive copies of the original policy declarations and forms and that summary judgment should not be granted without more discovery.

{¶ 25} On January 16, 2004, the trial court issued its judgment. It overruled appellant's motion for summary judgment and sustained Nationwide's motion. The court found that Barone's affidavit and the supporting computer printout constituted evidence that the policy began on March 4, 1984. The court found that appellant had failed to produce any evidence in opposition. The court held, based on the evidence, that H.B. 261 was the proper law in effect at the time of the accident. The court held that the "other owned auto" exclusion in the UM/UIM section of the policy was valid under H.B. 261 and excluded UIM coverage for motor vehicles not specifically covered by and listed in the policy. The court further held that appellant's motorcycle was included in the definition of "motor vehicle" as used in the "other owned auto" exclusion. The court found that there was no ambiguity in the use of the word "occupying" and that appellant was occupying his motorcycle at the time of accident. For all these reasons, the trial court granted summary judgment to Nationwide.

{¶ 26} Appellant filed this timely appeal on February 11, 2004. Appellant presents two assignments of error on appeal.

### Standard of Review

{¶ 27} An appellate court reviews de novo the decision to grant a motion for summary judgment, using the same standards as the trial court, as set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Before summary judgment can be granted, the trial court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3)

it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 50 Ohio St.2d 317, 364 N.E.2d 267. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. Id. at 293, 662 N.E.2d 264.

## Assignment of Error No. 1

{¶ 28} "The trial court erred in concluding that H.B. 261 was applicable and that the 'other owned vehicle' conclusion [sic] contained in Nationwide's uninsured motorist endorsement was enforceable thereunder."

{¶ 29} Appellant contends that the purpose of Ohio's former UM/UIM statute was to protect persons, not vehicles, citing *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, paragraph one of the syllabus. *Martin* held that "[a]n automobile liability insurance policy provision which eliminates uninsured motorist coverage for persons insured thereunder who are injured while occupying a motor vehicle owned by an insured, but not specifically listed in the policy, violates R.C. 3937.18 and is therefore invalid." Id. at paragraph three of the syllabus.

{¶ 30} The Ohio General Assembly passed H.B. 261, in part, so that insurance companies could exclude UM/UIM coverage for vehicles not listed in the policy, thus effectively superseding the *Martin* decision, at least in part. The effective date of H.B. 261 was September 3, 1997. H.B. 261 added the following subsection to R.C. 3937.18:

{¶ 31} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:

{¶ 32} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided."

{¶ 33} Appellant contends that H.B. 261 does not apply to every automobile liability policy in effect on September 3, 1997. Appellant argues that an automobile policy is governed by the statutory law in effect at the time the policy is created or renewed, citing *Wolfe,* supra, 88 Ohio St.3d 246, 725 N.E.2d 261. Under a *Wolfe* analysis, an automobile policy cannot be altered by the insurance company for a minimum period of two years, based on the requirements of R.C. 3937.31(A). Appellant argues that any changes in statutory law that might take place in the interim, such as the passage of H.B. 261, would not affect the policy until the next two-year renewal cycle commences.

{¶ 34} Appellant asserts that Nationwide's evidence cannot establish the starting date of the policy or the renewal dates and thus does not establish what law was in effect at the time of accident. Appellant is mistaken. Under Civ.R. 56(C), a party may submit an affidavit in support of summary judgment. A party may also submit evidence of a type not listed in Civ.R. 56(C) if it is incorporated by reference in a properly framed affidavit. *Dombelek v. Ohio Bur. of Workers' Comp.,* 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144, ¶ 20. "When ruling on a motion for summary judgment, the trial court may only review evidence properly submitted in accordance with Civ.R. 56(C) * * * [which] prescribes the specific types of evidence to be considered in support of a motion for summary judgment, namely, 'the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact' that are timely filed in the action." Id. at ¶ 12.

{¶ 35} Nationwide submitted a computer printout, incorporated by reference in a properly framed affidavit. The affidavit interpreted the printout, establishing that the Nationwide policy was created on March 4, 1984. Using the analysis set forth in *Wolfe,* the policy would have guaranteed renewal dates every two years, up to and including March 4, 1998. Since H.B. 261 became effective prior to that date, and there is no indication from the parties as to any other relevant intervening law, the interpretation of the policy is governed by H.B. 261, including the newly created "other owned auto" exclusion provided for in R.C. 3937.18(J).

{¶ 36} Appellant failed to submit any evidence, as allowed by Civ.R. 56(C), to rebut Nationwide's evidence. In order to defeat a motion for summary judgment, the responding party must produce some evidence to rebut the moving party's claim that there are no genuine issues of material fact remaining to be resolved. The trial court in this case correctly relied on Nationwide's evidence and, with no rebuttal evidence from appellant, ruled in Nationwide's favor with respect to the H.B. 261 issue.

{¶ 37} Although appellant claims that Nationwide stonewalled his effort to uncover the inception date of the policy, there is no motion to compel in the

record concerning any documents relating to the *Wolfe* analysis and the H.B. 261 issues. The only motion to compel dealt with an unrelated interrogatory and a request for a copy of a standard motorcycle endorsement.

{¶ 38} Furthermore, appellant was not required to produce the supposedly unavailable 1984 insurance documents in order to defeat Nationwide's motion for summary judgment. Appellant could have submitted his own affidavit stating his belief that the policy started on some other date or that there was a likelihood that Nationwide had documents in its possession proving that H.B. 261 did not apply to this case. Appellant decided to rely on bare assertions without any supporting evidence, and the trial court ruled accordingly. For these reasons we find that appellant's first assignment is without merit and is hereby overruled.

## Assignment of Error No. 2

{¶ 39} "The trial court erred in concluding that the 'other owned vehicle' exclusion contained in Nationwide's uninsured motorist endorsement was unambiguous and, thus, operated to exclude coverage for the plaintiff."

{¶ 40} Appellant argues that there is an ambiguity in the definition of "motor vehicle" in the policy. Appellant argues that insurance contracts are generally contracts of adhesion and that any ambiguities in those policies are interpreted against the party that drafted the contract, i.e., the insurance company, and in favor of the party in the weaker bargaining position, i.e., the insured. *Dorsey v. Fed. Ins. Co.*, 154 Ohio App.3d 568, 2003-Ohio-5144, 798 N.E.2d 47, ¶ 12.

{¶ 41} Appellant contends that the "other owned auto" exclusion only applies to bodily injury "suffered while occupying a motor vehicle." Appellant notes that there is no definition of "motor vehicle" in the UM/UIM endorsement of the policy. The general definitions of the policy define "motor vehicle" as "a land motor vehicle designed for use on public roads. This does not include motor vehicles operated on rails or crawler treads. Other motor vehicles designed for use mainly off public roads are covered when used on public roads."

{¶ 42} Appellant argues that this definition is ambiguous because it is tautological, using the very words "motor vehicle" as part of the definition of "motor vehicle." Appellant argues that because the definition is ambiguous and does not specifically exclude or include motorcycles in the definitions, this court should interpret "motor vehicle" as excluding motorcycles. According to appellant, if motorcycles are not part of the definition of "motor vehicle," then motorcycles are not excluded in the "other owned auto" exclusion of the policy, and UM/UIM coverage should be available.

{¶ 43} Nationwide and the trial judge both concluded that the policy definition of "motor vehicle" does include motorcycles. Nationwide asserts that the policy definition tracks the language used in R.C. 3937.18(A), which states:

{¶ 44} "Unless otherwise defined in the policy or any endorsement to the policy, 'motor vehicle,' for purposes of the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages, means a self-propelled vehicle designed for use and principally used on public roads, including an automobile, truck, semi-tractor, motorcycle, and bus."

{¶ 45} Nationwide contends that the default definition of "motor vehicle" in R.C. 3937.18(A) specifically includes motorcycles and that the Nationwide policy has nothing in it which limits or modifies this default definition.

{¶ 46} The statutory definition of "motor vehicle" in R.C. 3937.18(A) that is cited by Nationwide did not exist in the H.B. 261 version of the statute, which has already been determined as the applicable version of the statute. Despite this error, Nationwide's argument is essentially correct. The Ohio Supreme Court has clearly held that motorcycles are included in the definition of "motor vehicle" as used in prior versions of R.C. 3937.18. For example, in *Horsely v. United Ohio Ins. Co.*, the Supreme Court stated:

{¶ 47} "[T]he question in the instant case becomes whether a motorcycle is a 'motor vehicle' under the clear language of R.C. 3937.18.

{¶ 48} "We answer this question in the affirmative, and reach the inescapable conclusion that a motorcycle is indeed a motor vehicle." *Horsely v. United Ohio Ins. Co.* (1991), 58 Ohio St.3d 44, 46, 567 N.E.2d 1004.

{¶ 49} Appellant specifically referred to his vehicle as a "motorcycle" in his complaint, and there is nothing else in the record indicating otherwise. Because the H.B. 261 version of the UM/UIM statute specifically allows for the exclusion of UM/UIM coverage for a "motor vehicle," which includes motorcycles according to *Horsely*, supra, it was appellant's burden to provide some evidence that he was not driving a motorcycle, or that his particular motorcycle could be distinguished from the types of motorcycles covered by the statutory definition of "motor vehicle." Appellant failed to produce any such evidence. Therefore, the trial court was correct in interpreting the "other owned auto" exclusion in the Nationwide policy as covering appellant's motorcycle. For these reasons, appellant's second assignment of error is also overruled.

{¶ 50} As there is no merit in either assignment of error, the judgment of the Belmont County Court of Common Pleas is affirmed in full.

Judgment affirmed.

Vᴜᴋᴏᴠɪᴄʜ and DᴇGᴇɴᴀʀᴏ, JJ., concur.