{¶ 47} I respectfully dissent. As the majority states, "[t]he central element to our inquiry is whether appellees established that appellants, as individuals were the `sender' under the TCPA." *Page 15 
 {¶ 48} In the April 3, 2007 judgment entry, the trial court stated "that Plaintiff prevails [sic] in this case on the basis of their motion for summary judgment and the evidence." In this case, the "evidence" consists of the facsimiles in question and the affidavit of Janet Beaumont, paralegal for appellees' attorney. In her affidavit, Beaumont maintains that, based on her research, (1) "Financial Link Services" is not registered as a trade name with the California Secretary of State and (2) neither "Financial Link Services" nor "FSL Financial Corp." is registered with the Ohio Secretary of State to do business in Ohio. Attached to Beaumont's affidavit is a series of computer printouts including search results from GoDaddy.com, the California Secretary of State, and the Better Business Bureau serving San Diego and Imperial Counties.
 {¶ 49} In entering summary judgment, the trial court is limited to consideration of "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). Civ.R. 56(E) states, in pertinent part, that an affidavit:
 {¶ 50} "[S]hall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."
 {¶ 51} "A party may also submit evidence of a type not listed in Civ.R. 56(C) if it is incorporated by reference in a properly framed affidavit." Ellis v. Nationwide Ins. Co., 160 Ohio App.3d 302,2005-Ohio-1658, at ¶ 34, citing Dombelek v. Ohio Bur. of Workers'Comp., 154 Ohio App.3d 338, 2003-Ohio-5151, at ¶ 20. *Page 16 
 {¶ 52} In her affidavit, Beaumont indicated the computer printouts "are true and accurate copies of the documents I found on-line." However, under the facts and circumstances of the instant case, they should not have been considered properly incorporated evidentiary exhibits by the trial court. Beaumont, as the affiant, was not employed by, nor affiliated with, any entity represented in the computer printouts. In fact, at the time of the search, Beaumont was acting as the paralegal of appellees' attorney. It is unjust to hold appellants personally liable for $55, 500 based on the computer printouts of appellees' counsel's paralegal.
 {¶ 53} Further, while the conclusions made by Beaumont in her affidavit are based on her "research," the affidavit fails to detail the extent of her research or her methods. In fact, there are no documents attached to her affidavit pertaining to any internet search of the Ohio Secretary of State. Also, upon review of the attached documents, some expressly state that the accuracy of the information contained is not guaranteed. Therefore, since the affidavits were not properly before the court, the trial court should not have contemplated the evidence for purposes of summary judgment.
 {¶ 54} Appellees appear to have attempted a discovery short-cut to make their case. Appellees could have easily availed themselves of a request for production of documents, request for admissions, interrogatories, depositions, or other traditional methods of discovery to prove their contention that appellants have personal liability in this matter. The inter-office, internet-based browsings of a paralegal employed by appellees' attorney should not be afforded the evidentiary value that would entitle them to a judgment of this nature. *Page 1