[Cite as *Shrit v. Williams*, 2014-Ohio-5173.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

RANDA K. SHRIT, et al.

      Plaintiffs-Appellants

v.

JESSICA L. WILLIAMS, et al.

      Defendants-Appellees


Appellate Case No. 26164

Trial Court Case No.   11-CV-5404

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

### O P I N I O N

Rendered on the 21st day of November, 2014.

. . . . . . . . . . .

SAM G. CARAS, Atty. Reg. #0016376, Sam G. Caras Co., L.P.A., 130 West Second Street, Suite 310, Dayton, Ohio 45402
      Attorney for Plaintiffs-Appellants

JOHN F. McLAUGHLIN, Atty. Reg. #0052021, and JONATHAN P. SAXTON, Atty. Reg. #0042280, Rendigs Fry Kiely & Dennis, LLP, 600 Vine Street, Suite 2650, Cincinnati, Ohio 45202
      Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

FAIN, J.,

{¶ 1}    Plaintiffs-appellants Randa Kanan Shrit and Dr. Atef Shrit appeal from a summary judgment rendered in favor of defendant-appellee Grange Mutual Casualty Company (Grange).   The Shrits contend that the trial court erred in finding that their insurance policy with Grange required them to file a lawsuit against Grange seeking underinsured motorist benefits within three years after the date of the accident in which Randa Shrit was injured by an underinsured motorist.   The Shrits also contend that the requirement that they commence an action against Grange within three years after the date of the accident violates public policy, is unconscionable, and creates an impossibility of contractual performance.   Finally, the Shrits contend that R.C. 3937.18(H) is unconstitutional as applied to the facts of this case.

{¶ 2}    We conclude that the trial court did not err in granting summary judgment to Grange based on the plain language of the insurance policy and the decision of the Supreme Court of Ohio in *Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 2011-Ohio-4914, 955 N.E.2d 995.   Accordingly, the judgment of the trial court is Affirmed.

### I. Randa Shrit is Involved in an Accident in August 2009,

### But Does Not Sue Grange Until November 2012

{¶ 3}    On August 12, 2009, a vehicle driven by Jessica Williams collided with the rear of a motor vehicle driven by Randa K. Shrit on Far Hills Avenue in Centerville.   In September 2009, counsel for the Shrits sent a letter to Grange reserving potential claims for underinsured motorist coverage.

**{¶ 4}** On July 28, 2011, Randa K. Shrit and Dr. Atef Shrit commenced an action against Jessica Williams and Thomas Kessel, who allegedly negligently entrusted operation and use of the vehicle to Williams. Paragraph 3 of the Complaint stated that Randa Shrit had suffered, among other things, "[s]evere personal injuries to her spine, shoulders, and neck, with future and/or permanent residuals." The Complaint also alleged that medical expenses had presently exceeded $18,832. Each plaintiff sought compensatory damages in an amount exceeding $25,000.

**{¶ 5}** In July 2012, Randa Shrit underwent cervical vertebrae fusion surgery. On October 17, 2012, Williams offered a policy-limits settlement of $25,000.00 to the Shrits. Six days later, the Shrits served notice of the proposed policy limits settlement to Grange for approval and waiver of subrogration. Grange responded with a letter essentially denying coverage, upon the ground that the Shrits had failed to commence a lawsuit against Grange within three years after the date of the accident, as required by the insurance policy.

**{¶ 6}** On November 30, 2012, the Shrits filed a First Amended Complaint, adding Grange as a party. The Shrits alleged a breach of contract claim against Grange, and sought compensatory damages against Grange "in an amount likely to exceed $100,000.00."

**{¶ 7}** Grange moved for summary judgment based on the insurance policy's provision requiring the Shrits to commence an action against Grange within three years after the date of the underlying automobile accident. The trial court rendered summary judgment, based on the plain language of the insurance policy and the decision of the Supreme Court of Ohio in *Barbee*. The Shrits appeal from this judgment.

## II. The Plain Language of the Insurance Contract Requires
## a Suit to Be Commenced Against Grange Within
## Three Years After the Date of the Accident

{¶ 8}    The First Assignment of Error states:

THE TRIAL COURT ERRED IN FINDING THAT THE GRANGE POLICY ISSUED TO APPELLANTS REQUIRED APPELLANTS TO FILE A LAWSUIT AGAINST GRANGE, THOUGH APPELLANTS HAD NO VIABLE LEGAL BASIS TO DO SO, AS A CONTRACTUAL CONDITION TO UNDERINSURED MOTORIST COVERAGE.

{¶ 9}    When reviewing a summary judgment, an appellate court conducts a de novo review.  *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial."  *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980).  Therefore, the trial court's decision is not granted any deference by the reviewing appellate court.  *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 10}  Under the heading "Deciding Fault and Amount," the Grange insurance policy states:

So long as the **insured** has not prejudiced **our** right of subrogation, any suit against **us** will be barred unless commenced within three years (**THREE**

**YEARS**) after the date of the accident causing the **bodily injury**, sickness, disease, or death, or within one year after the liability insurer for the owner or operator of the motor vehicle liable to the **insured** has become the subject of insolvency proceedings in any state, whichever is later.

(Emphasis sic.)

{¶ 11}   And the section of the Grange policy titled "Additional Duty After An Accident or Loss" states:

A person seeking Uninsured Motorists Coverage must also promptly notify **us** in writing of a tentative settlement between the **insured** and the insurer of a vehicle described in Paragraph C. of the definition of **uninsured motor vehicle**, and allow **us** 90 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such **uninsured motor vehicle**.

(Emphasis sic.)

{¶ 12}   The trial court found that the plain language of the insurance policy required the Shrits to commence an action against Grange within the three years immediately following the date of the accident.   The trial court explained:

The affidavit of Mr. Caras establishes that Plaintiffs sent notice to Defendant of potential underinsured/uninsured motorist claims on September 8, 2009, well within three years of the date of the accident.   Plaintiffs, though, did not file "suit" against Defendant by providing [it] a written notice of a potential claim.

This is not a situation where Plaintiff did not know what the policy limits were for the tortfeasors' insurance carrier. The Court finds that the limits of Defendant Jessica Williams and Defendant Thomas Kessler's policy, $25,000.00, remained the same from the time of the accident through the time of settlement. There was no requirement under the insurance policy of an exhaustion of the torfeasor's insurance as a condition that must be satisfied **before** Plaintiffs could file suit against Defendant to establish their claim for underinsured-motorist benefits. The policy clearly states: " * * * any **suit** against us will be barred **unless commenced within 3 years** (THREE YEARS) after the date of the accident * * * ." (emphasis added) The plain meaning of the policy provision is that an insured must file the action against Defendant within three years of the date of the accident. The Court finds that this provision is unambiguous and enforceable.[] There is also no dispute of fact that Plaintiffs did not file the action against Defendant within three years of the date of the accident.

(Emphasis sic.) Dkt. 61, p. 5-6.

{¶ 13} In coming to its conclusion that summary judgment should be granted to Grange, the trial court also relied upon the decision of the Supreme Court of Ohio in *Barbee v. Nationwide Mut. Ins. Co.*, 130 Ohio St.3d 96, 2011-Ohio-4914, 955 N.E.2d 995. In *Barbee*, the Court held, at ¶ 45:

A provision in an automobile insurance policy requiring an action for uninsured/underinsured-motorist coverage to be brought against the insurer by the policyholder within three years of the date of the accident is unambiguous and

enforceable. The provision does not conflict with coexisting policy provisions that require the insured to fully comply with the policy terms before filing suit and that require the tortfeasor's insurance assets to be exhausted before payment by the policyholder's own insurer. Although exhaustion of the tortfeasor's liability limits is a condition precedent to an insured's right to payment, it is not a precondition to filing suit by the insured against his insurer within the limitation period.

{¶ 14} The Shrits concede that "the Grange policy is indistinguishable from the Nationwide policy [in *Barbee*] to the extent it states that any lawsuit against Grange be commenced within three years of the date of the accident." Brief, p. 5. The Shrits also concede that "both the Nationwide policy interpreted by the *Barbee* Court, and the Grange policy at issue in this case, require that the insured comply with all the terms and conditions of the policy, including but not limited to the protection of the insurer's subrogation rights by submitting a tentative settlement with the tortfeasor to the insurer for approval or advance of payment." *Id.* However, the Shrits contend that the insurance contract, when applied as a whole, required the Shrits to act unreasonably by commencing an action against Grange before there was an existing cause of action to commence against Grange. Therefore, the Shrits contend that their situation should not be controlled by the holding in *Barbee*. We do not agree.

{¶ 15} The plain language of the insurance policy required the Shrits to commence an action against Grange within three years after the date of the accident. Furthermore, the Supreme Court of Ohio has held that similar language is unambiguous and enforceable. *Barbee* at ¶ 45. Consequently, we conclude that the trial court did not err in granting summary judgment

to Grange.

{¶ 16}   The First Assignment of Error is overruled.

### III. The Three-Year Limitations Period in the Policy

### Is Not Against Public Policy

{¶ 17}   The Second Assignment of Error states:

THE TRIAL COURT'S DECISION THAT THE GRANGE POLICY REQUIRED, AS A CONTRACTUAL CONDITION FOR UNDERINSURED MOTORIST COVERAGE, THAT APPELLANTS FILE A LAWSUIT AGAINST APPELLEE, GRANGE, THOUGH APPELLANTS HAD NO VIABLE LEGAL BASIS TO DO SO, VIOLATES OHIO PUBLIC POLICY AND IS UNCONSCIONABLE.

{¶ 18}   The Shrits contend that the condition of the insurance contract requiring them to commence an action against Grange within three years after the date of the underlying accident violates Ohio public policy.   We do not agree.

{¶ 19}   R.C. 3937.18(H) provides that insurance companies may limit the amount of time within which an insured may bring a claim for uninsured or underinsured motorist coverage. R.C. 3937.18(H) provides:

Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions requiring that, so long as the insured has not prejudiced the insurer's subrogation rights, each claim or suit for uninsured

motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages be made or brought within three years after the date of the accident causing the bodily injury, sickness, disease, or death, or within one year after the liability insurer for the owner or operator of the motor vehicle liable to the insured has become the subject of insolvency proceedings in any state, whichever is later.

{¶ 20} "As has been repeatedly held, '[i]t [is] for the legislature of Ohio to define the public policy of that State.' " (Citations omitted.) *Sposito v. Krzynowek*, 11th Dist. Ashtabula No. 2013-A-0038, 2014-Ohio-1151, ¶ 24. *See also State ex rel Cincinnati Enquirer v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 162, ¶ 21 ("the General Assembly is the ultimate arbiter of public policy"). For better or worse, the General Assembly has spoken on this issue and specifically permitted insurance companies to insert three-year limitation periods into their insurance contracts. Therefore, we conclude that this insurance provision is not against public policy.

{¶ 21} The Second Assignment of Error is overruled.

### IV. It Was Not Impossible for the Shrits to Comply
### with the Insurance Policy, and R.C. 3937.18(H) Is
### Not Unconstitutional As Applied to the Shrits

{¶ 22} The Third Assignment of Error states:

THE TRIAL COURT'S DECISION THAT THE GRANGE POLICY REQUIRED, AS A CONTRACTUAL CONDITION FOR UNDERINSURED

MOTORIST COVERAGE, THAT APPELLANTS FILE A LAWSUIT AGAINST GRANGE, THOUGH APPELLANTS HAD NO VIABLE LEGAL BASIS TO DO SO, ON THE FACTS OF THIS CASE CREATED AN IMPOSSIBILITY OF CONTRACTUAL PERFORMANCE EXCUSING APPELLANTS FROM COMPLIANCE THEREWITH.

**{¶ 23}** The Fourth Assignment of Error states:

THE TRIAL COURT'S DECISION THAT THE GRANGE POLICY REQUIRED, AS A CONTRACTUAL CONDITION FOR UNDERINSURED MOTORIST COVERAGE, THAT APPELLANTS FILE A LAWSUIT AGAINST GRANGE, THOUGH APPELLANTS HAD NO VIABLE LEGAL BASIS TO DO SO, IS UNCONSTITUTIONAL AS APPLIED IN THIS CASE.

**{¶ 24}** The Shrits contend that the provision in the Grange contract requiring the Shrits to commence an action against Grange within three years after the date of the accident created an impossibility of contractual performance excusing the Shrits from complying with the contractual provision. We do not agree.

**{¶ 25}** In *Barbee*, the Supreme Court of Ohio explained that exhaustion of a tortfeasor's liability limits is not a condition that must occur before an insured's claim accrues. The Court also noted that:

It appears, however, that filing within the three-year policy period from the date of the accident to preserve an insured's underinsured-motorist claim is an existing practice. Donley, for example, filed an underinsured-motorist claim against her insurer in Ohio before the federal suits were concluded. The Ohio

trial court stayed the case pending the resolution of the federal suits. In many cases, counsel will likely be able to learn about a party's coverage through discovery. Counsel's knowledge of the extent of injuries and damages sustained by the claimant will further determine whether an action for underinsured-motorist coverage must be asserted to preserve the policyholder's underinsured-motorist-coverage rights. And because the trial court can stay proceeding on the underinsured-motorist claim until the claims against the tortfeasor are resolved, there is little extra burden on the court's docket in preserving the insured's claim for underinsured-motorist coverage in this manner.

*Id.* at ¶ 44.

{¶ 26} As explained in *Barbee*, the Shrits could have commenced an action against Grange within the three-year period provided for by the insurance policy and asked the trial court to stay the proceeding until it became clear that the policy limits would be exceeded. Furthermore, the Shrits knew no later than July 2012, the month in which Randa Shrit underwent cervical vertebrae fusion surgery, that there was a good possibility that their damages would far exceed the $25,000 policy limit of the insurance policy on Williams. Indeed, in their Complaint filed in July 2011, the Shrits alleged that Randa Shrit had suffered, among other things, "[s]evere personal injuries to her spine, shoulders, and neck, with future and/or permanent residuals." The Complaint also alleged that medical expenses had presently exceeded $18,832.00. Each plaintiff sought compensatory damages in an amount exceeding $25,000.00. Given these facts, we conclude that it was not impossible for the Shrits to anticipate the need to sue Grange for underinsured motorist coverage and to do so within three years after the date of the underlying

accident.

{¶ 27}   The Shrits also contend that R.C. 2937.18(H) is unconstitutional as applied in this case because it (1) requires the filing of a legally unjustified lawsuit as a condition precedent to underinsured motorist benefits; and (2) requires that any lawsuit be predicated on full compliance with policy terms that could not be executed within three years of the accident. Brief, p. 11.   We do not agree.   As we noted above, the Shrits were aware well within three years of the accident that there was a substantial likelihood that they would need to seek underinsured motorist benefits from Grange.   Furthermore, the Supreme Court of Ohio has made it clear that the Shrits could commence an action against Grange and then request that the trial court stay that action if the Shrits believed that resolution of their action against Grange may be premature.   *Barbee* at ¶ 44.   While we acknowledge that there could be a set of facts that make application of the three-year limitation period patently unreasonable and potentially unconstitutional, that set of facts is not in the record before us.

{¶ 28}   The Third and Fourth Assignments of Error are overruled.


## V. Conclusion

{¶ 29}   All of the Shrits' assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Sam G. Caras
John F. McLaughlin

Jonathan P. Saxton
Hon. Timothy N. O'Connell